No. 23-2842

In the

# United States Court of Appeals
## for the Seventh Circuit

PAULA WALLRICH, ET AL.,

*Petitioners-Appellees*,

v.

SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,

*Respondents-Appellants*.

On Appeal from the United States District Court for the Northern District of Illinois, No. 1:22-cv-5506
Hon. Harry D. Leinenweber, *United States District Judge*

**APPELLANTS' JURISDICTIONAL MEMORANDUM**

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney
Jeremy Patashnik
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Randall W. Edwards
O'MELVENY & MYERS LLP
Two Embarcadero Center,
  28th Floor
San Francisco, CA 94111

Shay Dvoretzky
   *Counsel of Record*
Parker Rider-Longmaid
Kyser Blakely
SKADDEN, ARPS, SLATE
   MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

*Counsel for Respondents-Appellants Samsung Electronics America, Inc., and Samsung Electronics, Co., Ltd. (additional counsel information on inside cover)*

*Additional counsel information continued from front cover*

Jonathan D. Hacker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Mark Howard Boyle
DONOHUE BROWN
  MATHEWSON & SMYTH LLC
131 South Dearborn Street,
  Suite 1600
Chicago, IL 60603

Ashley M. Pavel
O'MELVENY & MYERS LLP
610 Newport Center Drive,
  17th Floor
Newport Beach, CA 92660

James L. Kopecky
KOPECKY SCHUMACHER
  ROSENBURG LLC
120 North LaSalle Street,
  Suite 2000
Chicago, IL 60601

*Counsel for Respondents-Appellants Samsung Electronics America, Inc., and Samsung Electronics, Co., Ltd.*

# APPELLANTS' JURISDICTIONAL MEMORANDUM

Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. (collectively, Samsung), respectfully respond to the Court's order (Doc. 5) directing them to specify the basis for this Court's jurisdiction to review the district court's September 12, 2023, Order (Dist. Ct. Doc. 51) granting Petitioners' motion to compel arbitration. The Court has jurisdiction because the Order is a "final decision" reviewable under 9 U.S.C. § 16(a)(3).

**A.     The Federal Arbitration Act (FAA) permits appeals from final decisions respecting arbitration, 9 U.S.C. § 16(a)(3), and when a case involves only a claim for arbitration, an order compelling arbitration is a final decision.**

The FAA provides that "[a]n appeal may be taken from … a final decision with respect to an arbitration that is subject to" the statute. 9 U.S.C. § 16(a)(3). This Court's precedent makes clear that "decisions granting arbitration are final when they are made in 'cases in which arbitration is the only claim for relief.'" *S+L+H S.p.A v. Miller-St. Nazianz, Inc.*, 988 F.2d 1518, 1522 (7th Cir. 1993) (quoting *Perera v. Siegel Trading Co.*, 951 F.2d 780, 783 (7th Cir. 1992)). In other words, "if arbitration is the sole issue before the [district] court" and if "arbitration is granted," then the district court "has resolved

the only issue before it," making its order "final and therefore appealable." *Id.* (alteration adopted; citation omitted).

There is no "exception" to the clear rule that the Court has jurisdiction under 9 U.S.C. § 16(a)(3) "to hear appeals from orders compelling arbitration entered in actions in which no other issues are raised." *Id.* Indeed, this Court has jurisdiction in those scenarios "even though the winner of the arbitration might later seek a judicial order confirming the award." *American International Specialty Lines Insurance Co. v. Electronic Data Systems Corp.*, 347 F.3d 665, 668 (7th Cir. 2003). Thus, when an order compelling arbitration disposes of the case, the fact that "the action was being stayed to await the outcome of the arbitration" does not affect appellate jurisdiction under § 16(a)(3). *Id.* Put simply, "[w]hen the only matter before a district court is a petition to compel arbitration and the district court grants the petition, appellate jurisdiction may attach regardless of whether the district court issues a stay." *International Alliance of Theatrical Stage Employee & Moving Picture Technicians, Artists, & Allied Crafts of the United States v. InSync Show Productions, Inc.*, 801 F.3d 1033, 1040 (9th Cir. 2015).

## B. The Court has jurisdiction to review the September 12 Order under 9 U.S.C. § 16(a)(3).

The Court has jurisdiction to review the September 12 Order under 9 U.S.C. § 16(a)(3), because the Order compelled arbitration in a case involving solely a claim for arbitration, and thus is a "final decision."

Petitioners asked the district court for just one thing: an order requiring Samsung to arbitrate under the FAA. *See* Dist. Ct. Doc. 1, at 10. They initiated the action by filing a "Verified Petition to Compel Arbitration," seeking "an Order compelling Respondents to arbitration." *Id.* at 1. The petition asserted just one claim: failure to arbitrate. *Id.* at 9-10. Likewise, Petitioners' motion to compel arbitration, filed the same day, raised just one issue: whether the district court should compel arbitration under the terms of the arbitration agreement, which specifies how administrative filing fees are to be governed (*i.e.*, under the rules of the American Arbitration Association). *See generally* Dist. Ct. Doc. 2.

The district court understood that Petitioners had raised only one claim for relief. It stated, for example, that "Petitioners … filed in this Court a Petition for an Order to compel Samsung to arbitrate." Order 6. And after resolving threshold concerns about jurisdiction and venue, *see* Order 10-18,

the court "order[ed] the parties to arbitrate, specifically ordering Samsung to pay its fee so they can," Order 35; *see also* Order 18-35. The district court thus resolved the only claim for relief, leaving nothing else for it to do.

The Court has "jurisdiction to hear appeals from orders compelling arbitration entered in actions in which no other issues are raised," *S+L+H S.p.A*, 988 F.2d at 1522, "regardless of whether the district court issues a stay," *International Alliance*, 801 F.3d at 1040; *see id.* at 1040 n.4 (citing *American International Specialty Lines Insurance Co.*, 347 F.3d at 668, with approval); *American International Specialty Lines Insurance Co.*, 347 F.3d at 668 (retention of jurisdiction to confirm arbitration doesn't deprive order compelling arbitration of finality under § 16(a)(3)). Because "the only claim for relief" here "is a petition for arbitration" and the district court's September 12 Order resolved it by compelling arbitration, the Order is an immediately reviewable "final decision." *S+L+H S.p.A*, 988 F.2d at 1522 (quoting *Perera*, 951 F.2d at 783-84). The district court's notation in a minute entry ("Case stayed pending arbitration," Dist. Ct. Doc. 50) doesn't change anything, because "a district court presented with a petition to compel arbitration and no other claims cannot prevent appellate review of an order compelling arbitration by issuing a stay." *International Alliance*, 801 F.3d at 1041.

### C.  Neither 9 U.S.C. § 16(b) nor Federal Rule of Civil Procedure 58 affects this Court's jurisdiction.

**1.** The Court's September 28, 2023, Order suggests that 9 U.S.C. § 16(b) "positively *forbids* appeal." Doc. 5, at 2 (quoting *Moglia Pacific Employers Insurance Co. of North America*, 547 F.3d 835, 837 (7th Cir. 2008)). But this appeal falls under § 16(a)(3), *not* § 16(b). And as the Court has explained, although § 16(b) makes orders compelling arbitration non-appealable, § 16(b) is subject to an "important qualification." *American International Specialty Lines Insurance Co.*, 347 F.3d at 667-68. That qualification is § 16(a)(3), which creates appellate jurisdiction over an order compelling arbitration "in a case brought to obtain that relief and nothing else." *Id.* As explained, that's this case.

Moreover, even if the district court's September 12 Order were somehow interlocutory, despite § 16(a)(3) and this Court's clear precedent, the Court would still have appellate jurisdiction because the Order, in addition to compelling arbitration, ordered Samsung to pay arbitral fees (potentially many millions of dollars for tens of thousands of arbitrations). Order 35. That directive "has the 'practical effect' of granting … an injunction," *Abbott v. Perez*, 138 S. Ct. 2305, 2319 (2018), and thus confers jurisdiction under 28

U.S.C. § 1292(a)(1). *See, e.g.*, *Central States, Southeast and Southwest Areas Pension Fund v. Wintz Properties, Inc.*, 155 F.3d 868, 873-74 (7th Cir. 1998) (§ 1292(a)(1) jurisdiction over "order compelling interim payments").

**2.** The Court's September 28 Order also suggests that "an appeal may not be taken in a civil case until a final judgment … is entered on the district court's civil docket pursuant to Fed. R. Civ. P. 58." Doc. 5, at 1. But that is not the rule under Federal Rule of Appellate Procedure 4(a)(7)(B) or this Court's precedent. To be sure, Rule 58 generally requires district courts to enter separate documents memorializing a judgment, and Rule 4 runs the time to appeal from 30 days from entry of a separate document or, absent such a document, 150 days from entry of the judgment or order. Fed. R. App. P. 4(a)(7)(A)(ii). But the 2002 amendments to Rule 4 added a provision to resolve a circuit split and "make clear that the decision whether to waive the requirement that the judgment or order be set forth in a separate document is appellant's alone." Fed. R. App. P. 2002 Advisory Committee's note 3 to subdivision (a)(7). Rule 4 thus provides that "[a] failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order." Fed. R. App. P. 4(a)(7)(B).

The upshot, as this Court has recognized, is that "[t]he losing party can appeal a judgment … before the entry of the Rule 58 judgment order if though not embodied in the separate document that Rule 58 requires the judgment really is final." *Borrero v. City of Chicago*, 456 F.3d 698, 699-700 (7th Cir. 2006); *accord, e.g.*, *Sterling National Bank v. Block*, 984 F.3d 1210, 1216-17 (7th Cir. 2021). "Rule 58's 'separate document' requirement is important because it keeps jurisdictional lines clear," but it doesn't limit this Court's "jurisdiction if the district court has otherwise indicated its intent to finally dispose of all claims." *Wisconsin Central Limited v. TiEnergy, LLC*, 894 F.3d 851, 854 (7th Cir. 2018) (Barrett, J.); *accord Law Offices of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1128 (7th Cir. 2022). Here, as explained, there is nothing left for the district court to do after compelling arbitration. Because the September 12 Order "makes it clear that the district court was finished with the case," and Samsung "filed [its] notice of appeal well within 30 days after that order," the Court has jurisdiction and "may proceed." *Levy v. West Coast Life Insurance Co.*, 44 F.4th 621, 625 (7th Cir. 2022).

Because the Order is a "final decision" under 9 U.S.C. § 16(a)(3), and Rule 58 imposes no barrier where, as here, the appellant doesn't insist on a separate document memorializing the judgment, the Court has jurisdiction.

Dated: October 10, 2023

Respectfully submitted,

*/s/ Shay Dvoretzky*

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney
Jeremy Patashnik
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Randall W. Edwards
O'MELVENY & MYERS LLP
Two Embarcadero Center,
  28th Floor
San Francisco, CA 94111

Jonathan D. Hacker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Mark Howard Boyle
DONOHUE BROWN
  MATHEWSON & SMYTH LLC
131 South Dearborn Street,
  Suite 1600
Chicago, IL 60603

Shay Dvoretzky
  *Counsel of Record*
Parker Rider-Longmaid
Kyser Blakely
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Ashley M. Pavel
O'MELVENY & MYERS LLP
610 Newport Center Drive,
  17th Floor
Newport Beach, CA 92660

James L. Kopecky
KOPECKY SCHUMACHER
  ROSENBURG LLC
120 North LaSalle Street,
  Suite 2000
Chicago, IL 60601

*Counsel for Respondents-Appellants Samsung Electronics America, Inc., and Samsung Electronics, Co., Ltd.*

...

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, I electronically filed the foregoing docketing statement with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: October 10, 2023

*/s/ Shay Dvoretzky*
Shay Dvoretzky

*Counsel for Respondents-Appellants Samsung Electronics America, Inc., & Samsung Electronics Co., Ltd.*