No. 23-2842

_____

# In the
# United States Court of Appeals
# for the Seventh Circuit

_____

PAULA WALLRICH, ET AL.,
         *Petitioners-Appellees*,

v.

SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,
         *Respondents-Appellants.*

_____

On Appeal from the United States District Court for the Northern District of Illinois, No. 1:22-cv-5506
Hon. Harry D. Leinenweber, *United States District Judge*

_____

**PETITIONERS-APPELLEES' RESPONSE TO RESPONDENTS-APPELLANTS' JURISDICTIONAL MEMORANDUM**

_____

Jonathan Gardner
Melissa H. Nafash
Alexander F. Schlow
Labaton Sucharow LLP
140 Broadway, Floor 34
New York, NY 10005

## PRELIMINARY STATEMENT

Petitioners-Appellees, by and through their attorneys, respectfully submit this memorandum in response to Respondents-Appellants' jurisdictional memorandum (Doc. No. 17, the "Jurisdictional Memorandum"). Respondents-Appellants Samsung Electronics America, Inc. and Samsung Electronics Company, Ltd. (collectively, "Samsung") improperly filed a notice of appeal of an interlocutory decision of the District Court for the Northern District of Illinois granting a motion to compel arbitration and staying all proceedings pending completion of those arbitrations. This decision is not appealable as of right, and this Court is without jurisdiction to hear Samsung's appeal.

Unambiguous federal statutory law, along with numerous decisions of this Court and of the United States Supreme Court confirm that "Congress provided for immediate interlocutory appeals of orders *denying* – but not of orders *granting* – motions to compel arbitration." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 143 S.Ct. 1915, 1919 (June 23, 2023); *see* 9 U.S.C. § 16(b)(3) ("[A]n appeal may not be taken from an interlocutory order . . . compelling arbitration under Section 206 of this title.")

The District Court's order at issue here would only be appealable if the District Court certified it as such in a written order pursuant to 28 U.S.C. § 1292(b), Samsung petitioned for permission to appeal that certified order from this Court pursuant to

2

Fed R. App. P. 5, and this Court, in its discretion, granted such permission. Samsung has not fulfilled, or even sought to fulfill, any of these requirements, and there would be no basis for a discretionary interlocutory appeal here in any event.

Indeed, beyond the novelty of Samsung's brazen refusal to arbitrate under the terms of an agreement it drafted and imposed upon its own customers, there is nothing to meaningfully distinguish the order here from any other order compelling arbitration and staying the underlying action pending completion of that arbitration. This Court should dismiss Samsung's appeal for lack of jurisdiction.

## RELEVANT BACKGROUND

In its September 12, 2023 Order and accompanying Minute Entry, the District Court, as relevant here, granted in part Samsung's motion to dismiss with respect to the "approximately 14,355 [Appellees] who are non-residents of this District," granted Appellees' motion to compel arbitration for the remaining Appellees, and ordered the action "stayed pending arbitration." (Order at 18, 35; Minute Entry.) The Order and Minute Entry contained no statement that the District Court believed that its decision involved a controlling question of law as to which there was substantial ground for difference of opinion, or that an immediate appeal might materially advance the ultimate termination of the litigation.

On September 15, 2023, Samsung filed a notice of appeal of the Order and Minute entry. Therein, Samsung did not identify any purported basis for this Court's

jurisdiction over its appeal. On September 28, 2023, this Court ordered Samsung to file a jurisdictional memorandum explaining why its appeal should not be dismissed for lack of jurisdiction. Samsung filed its responsive memorandum on October 10, 2023.

On October 5, 2023 – after this Court ordered it to submit the Jurisdictional Memorandum, but before it had been submitted – Samsung made a motion before the District Court for a stay of the District Court's Order pending the outcome of its purported appeal. Dist. Ct. Doc. No. 61 ("Stay Motion"). In its Stay Motion, Samsung took the position that the District Court's Order was far from final – arguing that prior to the completion of Appellees' arbitrations, "the [District] Court will need to superintend any further fee disputes that may arise . . . . It also may be asked to resolve many other issues . . . ." *Id.* at 14-15. This position is irreconcilable with Samsung's position before *this* Court that the District Court's Order "resolved the only claim for relief, leaving nothing else for [the District Court] to do." Jurisdictional Memorandum at 4. As set forth below, even under Samsung's flawed presentation of the standard for appellate jurisdiction, this admission is fatal to Samsung's appeal.

# ARGUMENT

## I. Applicable Standard

Section 16 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16, governs appellate review of arbitration orders. Therein, "Congress provided for immediate interlocutory appeals of orders *denying* – but not of orders *granting* – motions to compel arbitration." *Coinbase,* 143 S.Ct. at 1919 (June 23, 2023). As such, "[a] pro-arbitration decision, coupled with a stay (rather than a dismissal) of the suit, is not appealable." *Moglia v. Pac. Employers Ins. Co. of N. Am.*, 547 F.3d 835, 837 (7th Cir. 2008) (citing *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 87 (2000)). This result is mandated by 9 U.S.C. § 16(b), which "'positively *forbids* appeal'" of "an order staying litigation in favor of arbitration." *INTL FCStone Fin. Inc. v. Jacobson*, 950 F.3d 491, 500 (7th Cir. 2020) (quoting *Moglia*, 547 F.3d at 837). Indeed, such that where, as here, "defendants lack a § 1292(b) certificate from the district court," no interlocutory appeal is permitted. *INTL FCStone*, 950 F.3d at 501. In sum, where, as here, the "District Court entered a stay instead of a dismissal," the order is "not . . . appealable."[1] *Green Tree Fin.,* 531 U.S. at 87 n.2.

---

[1] Indeed, the only portion of the District Court's Order which is arguably final is its partial *grant* of Samsung's motion to dismiss for improper venue. Presumably, Samsung is not seeking appellate review of the portion of the Order granting its own motion. *Cf. Grosvenor v. Qwest Corp.*, 733 F.3d 990, 998 ("We question whether Qwest can appeal the district court's grant of its own motion for summary judgment.")

This is true even where a party argues, as Samsung has, that the District Court's Order, though not couched as an injunction, should nevertheless be construed as such due to its affirmative mandate that Samsung pay its contracted arbitration fees. *See* Jurisdictional Memorandum at 5-6. Such arguments must be rejected in this case, because the express mandate of § 16(b) "supersedes [28 U.S.C.] §1292(a)(1) for orders to arbitrate." *INTL FCStone,* 950 F.3d at 501. The contrary result would both contradict the plain language of the Federal Arbitration Act ("FAA") and render § 16(b) meaningless by allowing "even the most clumsy litigants [to] delay an arbitration and drive up costs with procedural fencing." *Id.* at 500-01 (quotations omitted).

In any event, this argument is meritless because the District Court's Order does not constitute a *de facto* injunction. "An injunction is a form of relief on the merits; orders that increase the expense of litigation are not injunctions." *Sherwood v. Marquette Transp. Co., LLC*, 587 F.3d 841, 844 (7th Cir. 2009). Further, "the expense of litigation is not 'irreparable injury.' This proposition is so fundamental to our legal system that we have labeled frivolous the sort of argument [appellant] presents." *Id.* Nor is there any doubt that this principle applies to arbitral fees in addition to more traditional litigation expenses. *See, e.g., AT&T Broadband LLC v. IBEW*, 317 F.3d 758, 762 (7th Cir. 2003) ("All [Respondent] could lose from the

delay is the cost of presenting the arguments to the arbitrator, and it has long been established that the expense of adjudication is not irreparable injury. . . . So fundamental is this principle that we have held it sanctionably frivolous to seek an anti-arbitration injunction.")

## II.     The District Court's Order Is Not Appealable

As this Court has repeatedly held, where, as here, the "district court ke[eps] the lawsuit open to address arbitration-related issues," and "the record contains no judgment separate from the district court's order," an order compelling arbitration and issuing a stay is not a final decision open to appeal as of right. *INTL FCStone*, 950 F.3d at 501-02; *see also Green Tree*, 537 U.S. at 87 n.2; *Coinbase,* 143 S.Ct. at 1919; *Vivek Shah v. Citibank, N.A.*, No. 23-1499, 2023 U.S. App. LEXIS 22412, (7th Cir. Aug. 24, 2023) ("[T]he order that plaintiff-appellant . . . wants to review granted [a] motion to compel arbitration and stayed the action pending arbitration. As such, the district court's order is not reviewable."); *Ball v. Tesla Motors, Inc.*, No. 22-1782, 2022 U.S. App. LEXIS 30580 (7th Cir. Oct. 17, 2022) (same); *Dr. Robert L. Meinders, D.C., Ltd. V. United Healthcare Servs.*, 7 F.4th 555, 559 (7th Cir. 2021) (noting that this Court "lacked jurisdiction to hear" a prior appeal "because it concerned a pro-arbitration decision in a stayed lawsuit" without a §1292(b) certification"); *Moglia*, 547 F.3d at 837 (same).

Indeed, the decisions of this Court's sister circuits are entirely in accord with these opinions, and undersigned counsel is unaware of *any* post-*Green Tree* Circuit Court decision deviating from this well-established rule. *See, e.g., Braintree Labs., Inc. v. Citigroup Global Mkts. Inc.*, 622 F.3d 36, 43 (1st Cir. 2010) ("Section 16 limits the immediate appealability of most pro-arbitration interlocutory orders . . . . If the district court stays litigation, parties . . . must normally wait [to appeal] until the arbitrator resolves the matter on the merits and the district court enters a final judgment."); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 812-13 (order to compel arbitration and stay proceedings "is an interlocutory order under 9 U.S.C. § 16(b) and we have no appellate jurisdiction to review it."); *In re Huertas*, 779 Fed. Appx. 77, 79 (3d Cir. 2019) (same); *Gibson v. Giles Chem. Corp*, 857 Fed. Appx. 152, 152 (4th Cir. 2021) (order staying proceedings pending arbitration "is neither a final order nor an appealable interlocutory order."); *Doe v. Tonti Mgmt. Co., L.L.C.*, 24 F. 4th 1005, 1009 (5th Cir. 2022) ("Our precedent interpreting § 16 of the FAA is clear: orders compelling arbitration that stay and administratively close a civil action pending arbitration are interlocutory and unappealable."); *Preferred Care of Del., Inc. v. Estate of Hopkins*, 845 F.3d 765, 768 (6th Cir. 2017) ("Congress has foreclosed [appellate] jurisdiction" over an order compelling arbitration and staying federal action pending arbitration); *Webb v. Farmers of N. Am., Inc.*, 925 F.3d 966 (8th Cir. 2019) ("When a district court [compelling arbitration] enters a stay instead

of a dismissal, that order is not appealable."); *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1118 (9th Cir. 2020) ("[I]t is well established that § 16(b) bars appeals of interlocutory orders compelling arbitration and staying judicial proceedings") (quotations omitted); *Comanche Indian Tribe v. 49, L.L.C.*, 391 F.3d 1129, 1132 (10th Cir. 2004) ("[R]ather than dismissing the case, the district court entered a stay pending arbitration. We therefore have no difficulty in holding that the district court's order is not appealable at this time."); *Harding v. Google LLC*, No. 23-11974, 2023 U.S. App. LEXIS 23483 (11th Cir. Sept. 5, 2023) ("An appeal may not be taken from an interlocutory order that compels arbitration and stays, rather than dismisses, the action.").

Samsung's purported appeal presents the same simple fact pattern considered in each of the above-referenced decisions. The application of the same straightforward rule here is uncontroversial and the same result is warranted. The District Court's Order and Minute Entry are non-appealable interlocutory decisions, and Samsung's appeal must be dismissed.

In an attempt to sidestep this black-letter rule, Samsung's Jurisdictional Memorandum relies heavily on the fiction that the District Court's Order was somehow final under 9 U.S.C. §16(a)(3). For this argument, Samsung primarily relies on three decisions – this Court's opinions in *American International Specialty Lines Insurance Co. v. Electronic Data Systems Corp.*, 347 F.3d 665, 668 (7th Cir.

9

2003) and *S+L+H S.p.A. v. Miller-St. Nazianz, Inc.*, 988 F.2d 1518 (7th Cir. 1993), and the Ninth Circuit's opinion in *International Alliance of Theatrical Stage Employee & Moving Picture Technicians, Artists, & Allied Crafts of the United States v. InSync Show Productions, Inc.*, 801 F.3d 1033, 1040 (9th Cir. 2015).[2] According to Samsung, these decisions stand for an "exception" to the general rule in cases where the only relief requested in a petitioner's pleading is an order compelling arbitration, because once such an order is entered there is "nothing else for [the District Court] to do." Jurisdictional Memorandum at 2-5.

As a threshold matter, even if Samsung's expansive view of these standards were correct (and it is not), the argument would fail under the facts Samsung admits here. As set forth above, this argument depends on a factual predicate – that there is now "nothing else for [the District Court] to do" – which Samsung has specifically represented to the District Court is not true. Jurisdictional Memorandum at 3; Stay Motion at 14-15 ("the [District] Court will need to superintend any further fee disputes that may arise . . . . It also may be asked to resolve many other issues . . . ."). Samsung's attempt to manufacture jurisdiction here thus fails under its own erroneous standard.

---

[2] The last of these cases has never been cited by this Court (or, to the knowledge of undersigned counsel, by any Court outside of the Ninth Circuit,) and does not reflect the robust law on this issue developed by this Court. Accordingly, it does not bear on the analysis of the issues presented here.

Regardless, Samsung also substantially overstates the holding of its cited authorities and their application to this case. *S+L+H S.p.A.* predates the Supreme Court's holding in *Green Tree Fin.*, and was decided under the prior standard for finality of orders compelling arbitration, which depended on "the distinction between independent and embedded proceedings." *Napleton v. GMC*, 138 F.3d 1209, 1211 (7th Cir. 1998) (citing *S+L+H S.p.A.*, 988 F.2d at 153) (overruled in part by *Green Tree Fin.*, 531 U.S. at 88, 88 n.3). *Green Tree Fin.* expressly rejected this standard, and decisions under the prior framework do not control this Court's analysis here. 531 U.S. at 88-89.

Indeed, the only time this Court has cited *S+L+H S.p.A.* for anything resembling the proposition urged by Samsung is in Samsung's other piece of Seventh Circuit authority, *Am. Int'l Specialty Lines*, which expressly notes that *S+L+H S.p.A.*'s holding "cannot survive *Green Tree*." 347 F.3d 668. Though *Am. Int'l Specialty Lines* does speak of situations in which an order compelling arbitration and staying an action might be "final enough," it clarifies that such a situation arises *only* where "*all* the judge is retaining jurisdiction for is to allow the arbitrator's award to be confirmed without need for the filing of a separate lawsuit." 347 F.3d at 668. Here, as Samsung admits, the District Court may be called upon to "superintend" further steps in the arbitral process as well as "resolve many other issues." (Stay Motion at 14-15.) More fundamentally, however, multiple subsequent decisions of

this Court make it crystal clear that the edge case described in *Am. Int'l Specialty Lines*, to the extent that it remains viable at all, is not presented by the facts of this case.

*INTL FCStone* is instructive. There, this Court considered a putative appeal of an order in an action which sought a declaratory judgment on two discrete issues: a finding that the parties' substantive dispute must be arbitrated before the NFA rather than FINRA, and an order directing such arbitration before the NFA. 950 F.3d at 494. The District Court decided both those issues in favor of the plaintiff, ordered them to arbitrate before the NFA, and stayed the action. *Id.* at 497. As this Court put it, just as the District Court did here, the *INTL FCStone* district court "ordered arbitration and designated an arbitration forum, then stayed the case to address related issues. . . . Put more simply, ***the district court made non-final decisions.***" *Id.* at 493 (emphasis added). This Court accordingly dismissed the appeal, as it should Samsung's here. *Id.* at 503. Under *INTL FCStone*, even where a Court's decision compelling arbitration addresses all questions presented by the pleadings, such an order is still non-final where the court "ke[eps] the lawsuit open to address arbitration-related issues." *Id.* at 501; *see also Moglia*, 547 F.3d 835, 837 (7th Cir. 2008) (holding that "[a] pro-arbitration decision, coupled with a stay (rather than a dismissal) of the suit, is not appealable," without discussion of whether the decision resolved all issues presented below).

12

In sum, *INTL FCStone* makes clear that *Am. Int'l Specialty Lines*, to the extent it remains valid, only supports a finding of finality where the District Court stays an action for the purpose of confirming an eventual arbitral award *with no possibility it will address any other issue whatsoever.* That is not the case here, as Samsung has readily admitted in the District Court.

## CONCLUSION

For the foregoing reasons, Appellees respectfully request that this Court dismiss Samsung's appeal for lack of jurisdiction.

Dated: October 13, 2023                    Respectfully submitted,

                                            LABATON SUCHAROW LLP

                                            /s/ Jonathan Gardner
                                            Jonathan Gardner
                                            Melissa H. Nafash
                                            Alexander F. Schlow
                                            140 Broadway
                                            New York, NY  10005
                                            Tel: (212) 907-0700
                                            Fax: (212) 818-0477
                                            jgardner@labaton.com
                                            mnafash@labaton.com
                                            aschlow@labaton.com
                                            *Counsel for Petitioners-Appellees*

CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2023, I electronically filed the foregoing Response to Respondents-Appellants' Jurisdictional Memorandum with the Clerk for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: October 13, 2023　　　　　　　　　/s/ Jonathan Gardner
　　　　　　　　　　　　　　　　　　　　Jonathan Gardner

　　　　　　　　　　　　　　　　　　　　*Counsel for Petitioners-Appellees*