No. 23-2842

### In the
# United States Court of Appeals
### for the Seventh Circuit

PAULA WALLRICH, ET AL.,

*Petitioners-Appellees,*

v.

SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,

*Respondents-Appellants.*

On Appeal from the United States District Court for the
Northern District of Illinois, Case No. 1:22-cv-5506,
Hon. Harry D. Leinenweber, *United States District Judge*

## REPLY IN SUPPORT OF THE MOTION TO STAY THE DISTRICT COURT'S ORDER AND MOTION TO EXPEDITE THE APPEAL

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney
Jeremy Patashnik
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Randall W. Edwards
Matthew D. Powers
O'MELVENY & MYERS LLP
Two Embarcadero Center,
  28th Floor
San Francisco, CA 94111

Shay Dvoretzky
  *Counsel of Record*
Parker Rider-Longmaid
Kyser Blakely
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Jonathan D. Hacker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

*Counsel for Respondents-Appellants Samsung Electronics America, Inc., and Samsung Electronics, Co., Ltd. (additional counsel information on inside cover)*

*Additional counsel information continued from front cover*

Mark Howard Boyle
DONOHUE BROWN
  MATHEWSON & SMYTH LLC
131 South Dearborn Street,
  Suite 1600
Chicago, IL 60603

Ashley M. Pavel
O'MELVENY & MYERS LLP
610 Newport Center Drive,
  17th Floor
Newport Beach, CA 92660

James L. Kopecky
KOPECKY SCHUMACHER
  ROSENBURG LLC
120 North LaSalle Street,
  Suite 2000
Chicago, IL 60601

*Counsel for Respondents-Appellants Samsung Electronics America, Inc., and Samsung Electronics, Co., Ltd.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................... ii

INTRODUCTION ............................................................................1

ARGUMENT....................................................................................2

I.     The Court should issue a stay pending appeal. .......................2

      A.    Samsung is likely to succeed on the merits. ...................3

            1.    Appellees failed to meet their burden of showing that they each had a valid arbitration agreement with Samsung. ..........................................................3

            2.    Arbitral-fee issues are for the arbitral body, not a court, as the arbitration agreements here confirm. .............5

            3.    No court can second-guess the AAA's interpretation and application of its rules governing administrative fees. ...................................................8

      B.    Samsung will suffer irreparable harm. ........................10

      C.    A stay would not substantially harm Appellees, and the public interest supports a stay.......................................12

II.    The Court should expedite the appeal. ...................................13

CONCLUSION ..............................................................................13

CERTIFICATE OF COMPLIANCE ..................................................15

CERTIFICATE OF SERVICE ..........................................................16

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*A.D. v. Credit One Bank,*
  885 F.3d 1054 (7th Cir. 2018) ............................................................4

*Annex Books, Inc. v. City of Indianapolis,*
  581 F.3d 460 (7th Cir. 2009) ...........................................................4, 5

*AT&T Mobility LLC v. Concepcion,*
  563 U.S. 333 (2011) ...........................................................................12

*BG Group PLC v. Republic of Argentina,*
  572 U.S. 25 (2014) ...........................................................................6, 7

*Blue Chip Stamps v. Manor Drug Stores,*
  421 U.S. 723 (1975) ...........................................................................11

*Coinbase, Inc. v. Bielski,*
  599 U.S. 736 (2023) ...........................................................................11

*Dealer Computer Services, Inc. v. Old Colony Motors, Inc.,*
  588 F.3d 884 (5th Cir. 2009) ..................................................... 6, 7, 8, 9

*Hinkle v. Henderson,*
  135 F.3d 521 (7th Cir. 1998) .............................................................12

*In re Forty-Eight Insulations, Inc.,*
  115 F.3d 1294 (7th Cir. 1997) ............................................................2

*Kass v. PayPal Inc.,*
  75 F.4th 693 (7th Cir. 2023) ...............................................................5

*Lumbermens Mutual Casualty Co. v.*
  *Broadspire Management Services, Inc.,*
  623 F.3d 476 (7th Cir. 2010) ...........................................................6, 7

*Mays v. Dart,*
  974 F.3d 810 (7th Cir. 2020) ...............................................................2

*Reiter v. Sonotone Corp.,*
  442 U.S. 330 (1979) ...........................................................................11

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*,
   552 U.S. 148 (2008) ......................................................................... 11, 12

*Trustmark Insurance Co. v. John Hancock Life Insurance Co. (U.S.A.)*,
   631 F.3d 869 (7th Cir. 2011) .......................................................... 9, 10

**STATUTE**

9 U.S.C. § 16(a)(3) .............................................................................. 2

## INTRODUCTION

Appellees' counsel filed 50,000 arbitration demands—which their brief *does not dispute* are frivolous—to threaten Samsung with over $100 million in arbitration fees to try to extort a $50 million-plus settlement. Dist. Ct. Doc. 27-11, at 2. Indeed, when permitted to continue arbitrating the California claimants' cases, they declined, Dist. Ct. Docs. 27-17, 27-18, because *pursuing* claims was not part of their shakedown tactic.

The Court should stay the district court's Order pending appeal. In the district court, Appellees offered *no evidence* that they each entered into arbitration agreements with Samsung; Appellees' counsel merely provided a list of names and rested on allegations. Nor do they engage with the contract's language confirming that fee issues are for the AAA, which gave Appellees an opportunity to pay and then directed them to court when they declined. Even without an agreement on fees, fee issues are for the AAA, as indistinguishable Fifth Circuit precedent holds.

Ultimately, Appellees' argument is that enforcing the contract will leave consumers "in procedural limbo," unable to either arbitrate or litigate in court. Opp. 16. The district court agreed, calling this case "a perfect Catch 22." SA17. That makes no sense. Mot. 6-10. The contract requires arbitration

*under the AAA Rules*, not unconditionally. And under the rules, as the AAA decided here, nonpayment means the parties can litigate in court (indeed, other counsel have filed a putative class action on the same issues, Mot. 9). But Appellees do not want to be in court because they cannot rely on frivolous claims to shake Samsung down before a judge.

The threat of over $100 million in *nonrefundable* and *unrecoverable* administrative fees is irreparable harm. The extortionate threat of 50,000 undisputedly frivolous arbitrations is nothing like the burden of paying fees in a single arbitration, as decades of Supreme Court precedent addressing *in terrorem* class litigation make clear.

## ARGUMENT

### I.     The Court should issue a stay pending appeal.

This Court has jurisdiction under 9 U.S.C. § 16(a)(3). Docs. 17, 19.

The district court's stay denial receives no deference. *Contra* Opp. 7. This Court reviews legal conclusions de novo, *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020); *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997), and the district court's only reason for denying a stay was its legal conclusion that Samsung must arbitrate and pay fees under the court's

reading of the contracts. SA16-17. This Court reviews that issue de novo, along with all the stay factors, which the district court did not address.

## A.    Samsung is likely to succeed on the merits.

### 1.    Appellees failed to meet their burden of showing that they each had a valid arbitration agreement with Samsung.

This Court will likely hold that the district court erred in ruling, based on no evidence, that Appellees met their burden to establish that they each had a valid arbitration agreement with Samsung. Mot. 12-14. Appellees' counterarguments fail. They cannot dispute that they have an *evidentiary* burden, yet they have offered no *evidence* supporting the *allegation* that each is a Samsung device owner with an arbitration agreement with Samsung.

**a.**    Appellees claim they "submitted specific information as to each individual Appellee's identity." Opp. 8-9. But alleging unverified name and residence information in a petition is not evidence of having a Samsung device and an agreement with Samsung to arbitrate.

Appellees observe that the AAA "accepted administration of Appellees' claims." *Id.* But the AAA's filing-requirement determination says nothing about whether the parties agreed to arbitrate, because the AAA does

not require claimants to establish *at filing* that they are bound by an arbitration agreement. Mot. 14. Appellees have no response.

Lastly, Appellees assert "that the arbitration agreement at issue need not be signed and that every Samsung device holder accepts Samsung's terms." Opp. 8-9. But that assertion is irrelevant "lawyers' talk," *Annex Books, Inc. v. City of Indianapolis*, 581 F.3d 460, 463 (7th Cir. 2009), because Appellees have introduced no evidence that they are each Samsung device owners, or that they each "opened [a Samsung] box," Opp. 10.

**b.** Appellees claim that they "need not" do more because Samsung is "denying facts." Opp. 9. But there is nothing Samsung must respond to unless Appellees produce evidence to carry their "burden of showing" that the parties agreed to arbitrate. *A.D. v. Credit One Bank,* 885 F.3d 1054, 1063 (7th Cir. 2018). Appellees have offered only allegations, not evidence.

**c.** Appellees erroneously claim (Opp. 9) that Samsung has no evidence that some claimants are deceased or represented by other counsel. For example, Samsung flagged specific scenarios regarding the dual-representation issue. Dist. Ct. Doc. 65, at 14 n.8.

Appellees' effort to suggest a discrepancy about whether Samsung has a list of device owners (Opp. 9-10) is meritless. Some of the 50,000 claimants

undoubtedly bought Samsung devices from third parties but never registered those devices with Samsung, while others may never have had any Samsung device at all. Either way, Samsung would have no record. Samsung thus had a sound basis to tell the district court, just as it told the AAA, that Appellees' counsel filed claims on behalf of individuals "who Samsung has no record of ever being a customer or owning any of the devices at issue." Dist. Ct. Doc. 1-15, at 3.

Samsung explained (Mot. 12-14) that Appellees, as the parties seeking to compel arbitration, needed to produce "sufficient evidence" that the parties agreed to arbitrate. *Kass v. PayPal Inc.*, 75 F.4th 693, 703 (7th Cir. 2023). Appellees have responded by asserting that they identified themselves; opining generally how arbitration agreements can be accepted; and quibbling with statements in Samsung's briefs. "But there must be *evidence;* lawyers' talk is insufficient." *Annex Books*, 581 F.3d at 463.

### 2. Arbitral-fee issues are for the arbitral body, not a court, as the arbitration agreements here confirm.

This Court will likely hold that the district court erred in ordering AAA fee payments for two reasons.

*First,* the arbitration agreement commits the administrative-fee issue to the AAA, and no court may rewrite the contract. Mot. 15-16. Appellees acknowledge that administrative fees for their claims "shall be determined according to AAA rules." Opp. 15 (quoting SA56). Their primary (incorrect) response, addressed below (at 8-10), is that the AAA decided that issue in their favor. Appellees also wrongly suggest "that only a merits arbitrator" can "interpret [the AAA Rules]." Opp. 3. The AAA Rules give "the AAA"—including the "Case Administrator … assigned to handle the administrative aspects of the case"—full discretion over "filing fees." SA93, SA103.

*Second,* even if the contract were silent on the fee issue, administrative fees are "procedural" matters for arbitral bodies, not courts, as caselaw from the Fifth Circuit and other courts confirms. Mot. 15-20. Appellees cannot distinguish *Dealer Computer Services, Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 885, 887 (5th Cir. 2009), which held that the trial court erred in ordering a party "to pay its share of the deposit" for the arbitration because "[p]ayment of fees is a procedural condition precedent that the trial court should not review." While Appellees observe (Opp. 12) that the nonpaying party in *Dealer Computer Services* lacked the liquidity to pay, that factual nuance does not alter the legal principle established by Supreme Court and Seventh

Circuit precedent: a condition precedent to arbitration is a procedural matter for arbitral bodies to decide. *See BG Group PLC v. Republic of Argentina*, 572 U.S. 25, 34-35 (2014); *Lumbermens Mutual Casualty Co. v. Broadspire Management Services, Inc.,* 623 F.3d 476, 480-82 (7th Cir. 2010). As the district court itself recognized, that is precisely the role that filing fees play: "Arbitration was *conditioned* on the payment of the AAA's assessed fees." SA44 (emphasis added).

Appellees also argue that *Dealer Computer Services* involved "materially" different rules. Opp. 12. That is incorrect. The rules in *Dealer Computer Services* gave the AAA "discretion to order either party to pay the fees upon the failure of payment in full" and to end the proceedings absent payment by either party. 588 F.3d at 888. The AAA Rules here operate the same way. Mot. 6-8. The only difference is where the rules are listed, not how they operate. As Appellees acknowledge, the "rules for payment of fees themselves are now contained in other chapters." Opp. 12 (alteration adopted). The AAA's own rules do not stop being procedural matters for the AAA to determine just because the AAA moved them to another chapter.

There is no basis to distinguish *Dealer Computer Services*, and the dicta in the few district court decisions Appellees cite (Opp. 12-13) are no reason to create a circuit split.

### 3. No court can second-guess the AAA's interpretation and application of its rules governing administrative fees.

This Court will likely hold that the district court also erred in second-guessing how the AAA applied its rules governing administrative fees. Mot. 21-22. Appellees argue (Opp. 11, 14) that the AAA determined that Samsung must pay filing fees immediately, and that the district court simply gave effect to that determination. That is incorrect.

The AAA invoiced each party for administrative fees. In the invoice to Samsung, the AAA said only that "Samsung is now responsible for payment of the initial administrative filing fees." Dist. Ct. Doc. 27-14, at 2. Samsung then informed the AAA that it would pay the fees for the California residents' claims, and that "[p]ursuant to the AAA Rules and procedures, Samsung respectfully declines to pay filing fees" for the other claimants. Dist. Ct. Doc. 27-15, at 3. The AAA acknowledged that Samsung had invoked the AAA Rules and "decline[d] to submit [its] portion of the filing fees" for the non-California-residents' claims. Dist. Ct. Doc. 27-16, at 2. The AAA did

*not* insist that Samsung had to pay those fees. It instead said that the claimants could advance "Samsung's portion of the filing fees so that the matters may proceed." *Id.* The claimants refused to advance the fees and proceed with arbitration; they instead asked the AAA to stay the proceedings while they petitioned a federal court to order Samsung to pay. Dist. Ct. Doc. 27-17, at 2. The AAA, in response, closed the claims given the nonpayment *by either party*, *see* SA25-26, thereby triggering the right of "either party" to "submit its dispute to the appropriate court for resolution," Dist. Ct. Doc. 27-16, at 2.

The record is clear, despite Appellees' rhetoric (Opp. 15-17). The AAA administered Appellees' arbitration demands under the AAA Rules incorporated into the contract. Appellees' premise is that the agreement to arbitrate was unconditional. But even assuming each Appellee entered into an arbitration agreement, the contract makes clear that arbitration is under the AAA Rules, which, as here, can put the parties back in court to litigate the underlying dispute if the fees go unpaid. Thus, Appellees' "remedy lies with the [AAA]," not the courts. *Dealer Computer Services*, 588 F.3d at 888. Because the AAA "is entitled to follow its own view about the meaning of [the AAA Rules]," given its full discretion over the Rules, *see* Mot. 6-7, "it need not knuckle under to the district [court's]" contrary and unauthorized

understanding. *Trustmark Insurance Co. v. John Hancock Life Insurance Co. (U.S.A.)*, 631 F.3d 869, 874-75 (7th Cir. 2011). Appellees cannot complain about being "left in procedural limbo," Opp. 16, because the courthouse doors remain open whenever fees go unpaid if the AAA declines to proceed, Mot. 6-10.

### B.    Samsung will suffer irreparable harm.

Without a stay, the erroneous Order will compel Samsung to pay millions of dollars—over $100 million if the AAA charges all fees for all matters—in *nonrefundable* and *unrecoverable* administrative fees. That is irreparable harm. Mot. 22-24.

Samsung already explained (Mot. 23) the problem with Appellees' argument (Opp. 17-18) that litigation costs cannot constitute irreparable harm. Appellees have not identified a decision suggesting, much less holding, that a scenario like this one—having to pay potentially $100 million in nonrefundable and likely unrecoverable fees tied to a mass-arbitration settlement extortion tactic—falls short of irreparable harm.

Cases involving "*single* arbitrations," Opp. 20, are inapposite. Because the Order covers *tens of thousands* of arbitrations, it triggers enormous and rapidly growing liability. Appellees do not dispute Samsung's point (Mot. 8-

9) that their claims are meritless and even, in some cases, brought on behalf of people who cannot seek relief, like claimants who are deceased or represented by other counsel. Using mass arbitration demands to threaten "colossal liability" to extort "blackmail settlements," *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023), is irreparable harm not just because of the unrecoverable financial damage it inflicts, but because it perverts the parties' agreed-upon arbitration procedures to line counsel's pockets. *See, e.g.*, Dist. Ct. Doc. 27-11, at 2 (Appellees' counsel threatened to file 50,000 arbitration demands unless Samsung would "pay Labaton Sucharow at least $50 million").

The Supreme Court has reiterated in the class-action context that "courts must be especially alert to identify frivolous claims brought to extort nuisance settlements." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979). Permitting litigants with "largely groundless claim[s] to simply take up the time of a number of other people, … represent[s] an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the process will reveal relevant evidence." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975). It is, in short, "a social cost rather than a benefit." *Id.* It exposes defendants to risks that "rais[e] the costs of"—and thus can deter—"doing business," *Stoneridge Investment Partners, LLC v. Scientific-Atlanta,*

*Inc.*, 552 U.S. 148, 164 (2008), because "tens of thousands of potential claim-ants" impose the "chance of a devastating loss" in the way that individual arbitration does not, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011). These considerations show that the harm to Samsung is irreparable and quite unlike the harm to which Appellees point.

Appellees question (Opp. 19) Samsung's calculation of nonrefundable and unrecoverable fees. But the AAA Rules provide for "[a] non-refundable case management fee of $1,400" per arbitration. SA95. For 35,651 arbitra-tions, those fees are about $50 million. Moreover, arbitrator fees for each arbitration are $1,500, or, if hearings are requested, $2,500 per day, on top of a $500 hearing fee. SA95-96. For 35,651 arbitrations, those fees are over $100 million if hearings are requested.

### C.    A stay would not substantially harm Appellees, and the public interest supports a stay.

Appellees do not explain why briefly delaying arbitration pending ap-peal would cause them harm. They instead quote (Opp. 22) the "adage 'justice delayed is justice denied.'" *Hinkle v. Henderson*, 135 F.3d 521, 523 (7th Cir. 1998). But Appellees offer no reason why a several-month delay in *these* arbitrations—which Appellees do not dispute their lawyers filed with

meritless claims solely to extort a settlement, Mot. 8-9—would cause *them* substantial harm. Indeed, Appellees concede that any purported harm from a stay "may be minimized" if the Court expedites the appeal. Opp. 23.

The public interest also favors a stay. The parties agree that the public has an interest in ensuring that arbitration agreements are enforced according to their terms. Mot. 25; Opp. 22. And Samsung has shown that it should prevail under the contract's terms. *Supra* pp. 5-10.

## II.     The Court should expedite the appeal.

Appellees agree that the Court should expedite the appeal if it grants a stay. Opp. 23. But the Court should expedite the appeal even if it denies a stay. Both parties need speedy answers from this Court, no matter who ultimately prevails.

## CONCLUSION

The Court should stay the Order and expedite the appeal.

Dated: November 6, 2023

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney
Jeremy Patashnik
SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Randall W. Edwards
Matthew D. Powers
O'MELVENY & MYERS LLP
Two Embarcadero Center,
  28th Floor
San Francisco, CA 94111

Mark Howard Boyle
DONOHUE BROWN
  MATHEWSON & SMYTH LLC
131 South Dearborn Street,
  Suite 1600
Chicago, IL 60603

Respectfully submitted,

*/s/ Shay Dvoretzky*

Shay Dvoretzky
  *Counsel of Record*
Parker Rider-Longmaid
Kyser Blakely
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Jonathan D. Hacker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Ashley M. Pavel
O'MELVENY & MYERS LLP
610 Newport Center Drive,
  17th Floor
Newport Beach, CA 92660

James L. Kopecky
KOPECKY SCHUMACHER
  ROSENBURG LLC
120 North LaSalle Street,
  Suite 2000
Chicago, IL 60601

*Counsel for Respondents-Appellants Samsung Electronics America, Inc.,
and Samsung Electronics Co., Ltd.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) because, as calculated by Microsoft Word, it contains 2,600 words, excluding the parts of the reply exempted by Federal Rule of Appellate Procedure 32(f), and (2) this reply complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.


Dated: November 6, 2023            */s/ Shay Dvoretzky*
                                   Shay Dvoretzky

                                   *Counsel for Respondents-Appellants*
                                   *Samsung Electronics America, Inc.,*
                                   *& Samsung Electronics Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, I electronically filed this reply with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: November 6, 2023

/s/ Shay Dvoretzky
Shay Dvoretzky

*Counsel for Respondents-Appellants*
*Samsung Electronics America, Inc.,*
*& Samsung Electronics Co., Ltd.*