No. 23-2842

In the

# United States Court of Appeals
### for the Seventh Circuit

PAULA WALLRICH, ET AL.,

*Petitioners-Appellees*,

v.

SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,

*Respondents-Appellants*.

On Appeal from the United States District Court for the
Northern District of Illinois, Case No. 1:22-cv-5506,
Hon. Harry D. Leinenweber, *United States District Judge*

## RESPONDENTS-APPELLANTS' REPLY BRIEF

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney
Jeremy Patashnik
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Randall W. Edwards
Matthew D. Powers
O'MELVENY & MYERS LLP
Two Embarcadero Center,
  28th Floor
San Francisco, CA 94111

Shay Dvoretzky
  *Counsel of Record*
Parker Rider-Longmaid
Kyser Blakely
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Jonathan D. Hacker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

*Counsel for Respondents-Appellants Samsung Electronics America, Inc., and*
*Samsung Electronics, Co., Ltd. (additional counsel information on inside cover)*

*Additional counsel information continued from front cover*

Mark Howard Boyle
DONOHUE BROWN
  MATHEWSON & SMYTH LLC
131 South Dearborn Street,
  Suite 1600
Chicago, IL 60603

Ashley M. Pavel
O'MELVENY & MYERS LLP
610 Newport Center Drive,
  17th Floor
Newport Beach, CA 92660

James L. Kopecky
KOPECKY SCHUMACHER
  ROSENBURG LLC
120 North LaSalle Street,
  Suite 2000
Chicago, IL 60601

*Counsel for Respondents-Appellants Samsung Electronics America, Inc., and Samsung Electronics, Co., Ltd.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ iii

INTRODUCTION ........................................................................................... 1

ARGUMENT ................................................................................................. 4

I.    The Federal Arbitration Act confers jurisdiction over this case. .......... 4

    A.    Section 16(a)(3) confers jurisdiction over orders
        compelling arbitration that resolve the entire dispute
        before the district court, either because arbitration is the
        only claim (as here) or because other claims were
        dismissed rather than stayed. ........................................................ 5

    B.    Appellees' counterarguments lack merit. .................................... 8

II.    Appellees failed to meet their evidentiary burden of showing
    that they had a valid arbitration agreement with Samsung. .............. 16

    A.    The party seeking to compel arbitration must show, with
        evidence, that the parties agreed to arbitrate before the
        party opposing arbitration must produce contrary
        evidence. ...................................................................................... 16

    B.    Appellees—who bore the initial burden of proof—offered
        no evidence that they agreed to arbitrate with Samsung .......... 18

III.    The district court erred in compelling arbitration and payment
    of fees because arbitral-fee issues were for the AAA, which did
    not require Samsung to pay fees but instead closed the
    arbitrations, permitting Appellees to pursue their underlying
    claims in court. ......................................................................................... 23

    A.    The AAA decided that Samsung was not required to pay
        fees, and the district court was required to respect that
        decision because the issue was committed to the AAA. ............ 24

**TABLE OF CONTENTS**
(continued)

                                                                        **Page**

    B.    Fee disputes are procedural matters for arbitral bodies to
          decide even when the contract does not expressly say so. ........26

    C.    Appellees' counterarguments lack merit. .....................................27

CONCLUSION ......................................................................................33

CERTIFICATE OF COMPLIANCE ....................................................35

CERTIFICATE OF SERVICE .............................................................36

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Accenture LLP v. Spreng*,
   647 F.3d 72 (2d Cir. 2011) ................................................................14

*Adair Bus Sales, Inc. v. Blue Bird Corp.*,
   25 F.3d 953 (10th Cir. 1994) .............................................................14

*American International Specialty Lines Insurance Co. v.*
   *Electronic Data Systems Corp.*,
   347 F.3d 665 (7th Cir. 2003) .............................................. 5, 6, 7, 8,
   ........................................................................................ 10, 12, 13

*Apache Bohai Corp., LDC v. Texaco China, B.V.*,
   330 F.3d 307 (5th Cir. 2003) .............................................................13

*ATAC Corp. v. Arthur Treacher's, Inc.*,
   280 F.3d 1091 (6th Cir. 2002) ...........................................................14

*Banks v. Deere*,
   829 F.3d 661 (8th Cir. 2016) .................................................. 1, 19, 22

*BG Group, PLC v. Republic of Argentina*,
   572 U.S. 25 (2014) ............................................................................27

*Boykin v. Family Dollar Stores of Michigan, LLC*,
   3 F.4th 832 (6th Cir. 2021) ...............................................................17

*Brown v. Pacific Life Insurance Co.*,
   462 F.3d 384 (5th Cir. 2006) ................................................. 6, 7, 10,
   ............................................................................................ 11, 12, 14

*Butts v. Aurora Health Care, Inc.*,
   387 F.3d 921 (7th Cir. 2004) .............................................................21

*Campania Management Co. v. Rooks, Pitts & Poust*,
   290 F.3d 843 (7th Cir. 2002) .............................................................19

*Carroll v. Lynch*,
   698 F.3d 561 (7th Cir. 2012) .............................................................16

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Chesapeake Appalachia, LLC v. Scout Petroleum, LLC,*
    809 F.3d 746 (3d Cir. 2016) ................................................................27

*Dealer Computer Services, Inc. v. Old Colony Motors, Inc.,*
    588 F.3d 884 (5th Cir. 2009) ...................................................... 27, 31

*Freeman v. SmartPay Leasing, LLC,*
    771 F. App'x 926 (11th Cir. 2019) ..................................................32

*Green Tree Financial Corp.-Alabama v. Randolph,*
    531 U.S. 79 (2000)................................................... 2, 3, 5, 6, 7,
    ................................................................... 8, 9, 12, 13, 15

*Henry Schein, Inc. v. Archer & White Sales, Inc.,*
    139 S. Ct. 524 (2019)........................................................................23

*Hernandez v. MicroBilt Corp.,*
    No. 22-3135, 2023 WL 8401682 (3d Cir. Dec. 5, 2023) ........................... 25, 26

*International Alliance of Theatrical Stage Employee & Moving
    Picture Technicians, Artists, & Allied Crafts of the
    United States v. InSync Show Productions, Inc.,*
    801 F.3d 1033 (9th Cir. 2015) ...................................................... 6, 7, 9,
    ................................................................... 10, 11, 12

*INTL FCStone Financial Inc. v. Jacobson,*
    950 F.3d 491 (7th Cir. 2020) ...............................................................13

*James v. Hale,*
    959 F.3d 307 (7th Cir. 2020) ...............................................................19

*Johnson v. Hix Wrecker Service, Inc.,*
    651 F.3d 658 (7th Cir. 2011) ...................................................... 4, 17, 21

*Kass v. PayPal Inc.,*
    75 F.4th 693 (7th Cir. 2023)...............................................................16

*Lifescan, Inc. v. Premier Diabetic Services, Inc.,*
    363 F.3d 1010 (9th Cir. 2004) ...................................................... 24, 25,
    ................................................................... 26, 29, 30, 31

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Lumbermens Mutual Casualty Co. v.*
  *Broadspire Management Services, Inc.*,
  623 F.3d 476 (7th Cir. 2010) ......................................................... 26, 27

*Moglia v. Pacific Employers Insurance Co. of North America*,
  547 F.3d 835 (7th Cir. 2008) ......................................................... 13, 32

*Morgan v. Sundance, Inc.*,
  596 U.S. 411 (2022) .............................................................................33

*Nisenbaum v. Milwaukee County*,
  333 F.3d 804 (7th Cir. 2003) ..................................................... 3, 4, 19

*Oxford Health Plans LLC v. Sutter*,
  569 U.S. 564 (2013) ....................................................................... 24, 33

*Psara Energy, Ltd. v. Advantage Arrow Shipping, L.L.C.*,
  946 F.3d 803 (5th Cir. 2020) ...............................................................14

*Salim Oleochemicals v. M/V Shropshire*,
  278 F.3d 90 (2d Cir. 2002) ...................................................................13

*Tillman v. Tillman*,
  825 F.3d 1069 (9th Cir. 2016) .............................................................31

*Tinder v. Pinkerton Security*,
  305 F.3d 728 (7th Cir. 2002) ......................................................... 16, 17

*United Steel, Paper and Forestry, Rubber, Manufacturing,*
  *Energy, Allied Industrial & Service Workers*
  *International Union v. Wise Alloys, LLC*,
  807 F.3d 1258 (11th Cir. 2015) ................................................... 6, 7, 8,
  ................................................................................... 10, 11, 12, 15

*Zurich American Insurance Co. v. Watts Industries, Inc.*,
  466 F.3d 577 (7th Cir. 2006) ...............................................................16

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**STATUTES**

Federal Arbitration Act,
9 U.S.C. § 1 *et seq.* ............................................................... 3, 4, 5, 8,
.................................................................................... 9, 10, 11, 12,
.................................................................................... 14, 20, 22, 31, 32

9 U.S.C. § 3 ................................................................... 3, 10, 11, 14, 15

9 U.S.C. § 16 ........................................................................................9

9 U.S.C. § 16(a)(3) ............................................................... 2, 4, 5, 6, 7,
.................................................................................... 8, 9, 12, 13, 14

9 U.S.C. § 16(b) .......................................................... 8, 9, 12, 14

9 U.S.C. § 16(b)(1) ..................................................... 8, 9, 10, 13

9 U.S.C. § 16(b)(2) .............................................................. 8, 9

9 U.S.C. § 16(b)(3) .............................................................. 8, 9

9 U.S.C. § 16(b)(4) .................................................................. 9

9 U.S.C. § 203 .......................................................................... 4

28 U.S.C. § 1746 ..................................................................... 19

Labor Management Relations Act, 1947,
29 U.S.C. § 141 *et seq.* ................................................. 11, 12

**RULE**

Federal Rule of Civil Procedure 56 ................................... 3, 17

Fed. R. Civ. P. 56(c) ................................................... 1, 17, 18

Fed. R. Civ. P. 56(c)(1)(A) ............................................ 17, 18

Fed. R. Civ. P. 56(c)(4) ................................................. 17, 19

Fed. R. Civ. P. 56(e) ..................................................... 17, 18

Fed. R. Civ. P. 56(e)(2) .......................................................18

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

OTHER AUTHORITY

Black's Law Dictionary (6th ed. 1990)....................................................9

## INTRODUCTION

Appellees' brief confirms that the Court should reverse.

The Court has jurisdiction for reasons Samsung already exhaustively explained. Br. 9-15; Docs. 17, 19. Concluding otherwise would flout Supreme Court and Circuit precedent and create a circuit split.

On the merits, Appellees say that *Samsung* had to produce evidence that each of them did *not* agree to arbitrate. They need to argue that because they offered *no* evidence—not a single declaration, only the bare allegations of the petition and its attachments. But basic civil procedure and this Court's precedents refute their argument. Appellees' counsel "ha[ve] not explained why [they] could not have obtained sworn affidavits, written declarations 'under penalty of perjury,' or other competent evidence." *Banks v. Deere*, 829 F.3d 661, 668 (8th Cir. 2016). The answer seems obvious: counsel couldn't substantiate the allegations they made for the more than 35,000 remaining claimants without doing diligence. Indeed, Appellees' counsel could get only *five* of the claimants to sign on to their brief; the rest have filed no brief before this Court. But Federal Rule of Civil Procedure 56(c) doesn't contain an extortion exception allowing counsel purportedly filing for tens of thousands of claimants to substitute allegations for evidence.

As to fees, Appellees don't dispute that the issue was for the American Arbitration Association (AAA). Instead, they claim that the AAA required Samsung to pay fees. But the AAA did no such thing—it applied its rules and closed the arbitrations so Appellees could pursue their underlying claims in court. The district court should thus have denied the motion to compel arbitration.

**1.** This Court has jurisdiction because the order compelling arbitration is a "final decision" under 9 U.S.C. § 16(a)(3). Appellees ignore the extensive jurisdictional briefing (Docs. 17, 19), recycling arguments Samsung already dismantled. They misunderstand *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000), which *expanded* the scope of final decisions, and mischaracterize the holdings of on-point Fifth, Ninth, and Eleventh Circuit decisions. Appellees construct their argument on the mistaken premise that an order compelling arbitration is always interlocutory, even when the request to compel arbitration is the only claim before the court. But *Green Tree* held that an order compelling arbitration and dismissing the remainder of the case was final, because that order resolved the case and left nothing to do but execute the judgment. Just so with orders, like the one here, compelling arbitration on standalone petitions, which raise

nothing else to dismiss or stay. With nothing left to stay, a "stay" doesn't undo finality, and without an underlying claim, there is no authority under 9 U.S.C. § 3 to issue a stay anyway. To hold it lacks jurisdiction, the Court would need to depart from its precedent, disregard *Green Tree*'s guidance, and create a circuit split with three other courts of appeals.

**2.**    Appellees all but invite remand to see whether they can produce evidence that they each have arbitration agreements with Samsung. They concede that "[t]he party seeking arbitration must come forward with evidence that the parties agreed to arbitrate." Br. 35. They further concede that if they "have not provided enough record evidence that an agreement to arbitrate existed," a "remand would be appropriate to allow the district court to consider further evidence from the claimants." Br. 44. Those concessions resolve this appeal, because Appellees have produced *no* evidence that they have binding arbitration agreements—and they don't meaningfully argue otherwise. All they point to are unsworn, unexplained allegations in their petition and arbitration demands, plus identifying information from an attached spreadsheet. But suggesting those unsupported assertions satisfy the Federal Arbitration Act (FAA) or Federal Rule of Civil Procedure 56 contravenes basic civil-procedure principles. "Allegations in a complaint are not

evidence." *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 810 (7th Cir. 2003). So Appellees try to deflect the issue by claiming that *Samsung* hasn't produced evidence to dispute their unverified allegations. But Samsung "does not have to rebut factual propositions on which [Appellees] bear[] the burden of proof and that [Appellees] ha[ve] not properly supported in the first instance." *Johnson v. Hix Wrecker Service, Inc.*, 651 F.3d 658, 662 (7th Cir. 2011).

**3.** On fees, Appellees concede that courts are obligated to defer to the AAA's fee determinations—and instead argue the facts. But Appellees' account of the AAA's determination contradicts the record, and the district court compelled payment of fees based on its erroneous view of its authority. The AAA never required Samsung to pay fees, but instead applied its own rules and closed the arbitrations so that Appellees could pursue their claims on the merits in court. Overriding the AAA's application of its own rules and compelling arbitration and payment of fees violates fundamental arbitration principles and conflicts with precedent from other circuits.

## ARGUMENT

### I. The Federal Arbitration Act confers jurisdiction over this case.

Appellees agree that the district court had subject matter jurisdiction under 9 U.S.C. § 203. This Court has jurisdiction under 9 U.S.C. § 16(a)(3). To

conclude otherwise, the Court would have to depart from its precedent and that of other circuits. Appellees' "request to order arbitration [was] the sole issue before the [district] court," so the order compelling arbitration "end[ed] the litigation on the merits" and was thus a "final decision" under § 16(a)(3). *Green Tree*, 531 U.S. at 86-88; *see* Samsung Br. 9-15; Docs. 17, 19.

Appellees' counterarguments fail. Appellees assume their premise (that the order is interlocutory rather than final); misunderstand *Green Tree*; mischaracterize indistinguishable Fifth, Ninth, and Eleventh Circuit decisions; and ignore why *Green Tree*'s finality rule wasn't satisfied in the inapposite cases they cite. Samsung explained these points in its jurisdictional filings (Docs. 17, 19), which Appellees ignore.

**A.    Section 16(a)(3) confers jurisdiction over orders compelling arbitration that resolve the entire dispute before the district court, either because arbitration is the only claim (as here) or because other claims were dismissed rather than stayed.**

**1.**    "An appeal may be taken from … a final decision with respect to an arbitration that is subject to" the FAA. 9 U.S.C. § 16(a)(3). An order compelling arbitration is a "final decision" under § 16(a)(3) when "issued in a case brought to obtain [arbitration] and nothing else," even if the district court stays rather than dismisses the action. *American International Specialty*

*Lines Insurance Co. v. Electronic Data Systems Corp.*, 347 F.3d 665, 667-68 (7th Cir. 2003). Other circuits agree. *International Alliance of Theatrical Stage Employee & Moving Picture Technicians, Artists, & Allied Crafts of the United States v. InSync Show Productions, Inc.*, 801 F.3d 1033, 1040-41 (9th Cir. 2015); *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union v. Wise Alloys, LLC*, 807 F.3d 1258, 1266-68 (11th Cir. 2015); *Brown v. Pacific Life Insurance Co.*, 462 F.3d 384, 390-92 (5th Cir. 2006).

**2.** *Green Tree* confirms that rule. *Green Tree* construed "final decision" in § 16(a)(3) consistent with its "longstanding meaning"—"a decision that 'ends the litigation on the merits'"—and held that an order is final when the district court, in compelling arbitration, resolves "the entire case" and leaves no claim pending. 531 U.S. at 86.

Multiple courts of appeals, including this Court, hold that "*Green Tree* does not disturb," *International Alliance,* 801 F.3d at 1040-41, the established rule that an order compelling arbitration, without exception, is appealable when "it is issued in a case brought to obtain that relief and nothing else," *American International*, 347 F.3d at 667-68; *accord United Steel,* 807 F.3d at 1266-67; *Brown,* 462 F.3d at 391-92. That rule "remains good law," *International*

- 6 -

*Alliance,* 801 F.3d at 1040-41, despite *Green Tree*'s footnote that the specific order there "would not [have been] appealable" under § 16(a)(3) had the court "entered a stay instead of a dismissal," 531 U.S. at 87 n.2. That footnote, the Ninth and Eleventh Circuits have explained (*International Alliance*, 801 F.3d at 1040-41; *United Steel*, 807 F.3d at 1269-70), must be read in the context of *Green Tree*, where the order "directed that the dispute be resolved by arbitration *and* dismissed [the plaintiff's federal consumer-protection] claims with prejudice, leaving the court nothing to do but execute the judgment." *Id.* at 86 (emphasis added); *see id.* at 82-83. If the district court had instead stayed the action without dismissing those consumer-protection claims, then those unresolved "substantive claims" would have "render[ed] the district court's order compelling arbitration interlocutory instead of final." *United Steel*, 807 F.3d at 1270. When all claims are resolved, however, a stay pending arbitration does not affect the order's finality under § 16(a)(3). *Id.; International Alliance*, 801 F.3d at 1040; *Brown*, 462 F.3d at 391-92.

**3.**     This Court has jurisdiction to review the district court's order under § 16(a)(3). Appellees sought only an order compelling Samsung to arbitrate, *see* 1-SA21, and the district court correctly understood that Appellees wanted "that relief and nothing else," *American International*, 347 F.3d at 667-

68. When the court ordered arbitration, *see* RSA36, it resolved the only claim for relief, "dispos[ing] of the entire case on the merits and [leaving] no part of it pending before the court." *Green Tree*, 531 U.S. at 86. While the court (in a minute entry) stayed the case pending arbitration, *see* Dist. Ct. Doc. 50, the order is still "final" under § 16(a)(3), because there "was nothing to stay," *United Steel*, 807 F.3d at 1268.

**B.    Appellees' counterarguments lack merit.**

Appellees raise several counterarguments, each resting on the premise that 9 U.S.C. § 16(b)'s prohibition on review of interlocutory orders applies to *any* order compelling arbitration that also stays the action pending arbitration. But § 16(b) doesn't apply to a *final* decision compelling arbitration, even if the court purports to enter a stay, because when there's nothing left before the court, there's nothing left to stay. Appellees mischaracterize the holdings of Fifth, Ninth, and Eleventh Circuit cases saying exactly that.

**1.**    The FAA confers appellate jurisdiction over "a *final decision* with respect to an arbitration," 9 U.S.C. § 16(a)(3) (emphasis added), but prohibits review of "an *interlocutory order* — (1) granting a stay of any action under section 3 of [the FAA]; (2) directing arbitration to proceed under section 4 of [the FAA]; [or] (3) compelling arbitration under section 206 of [the FAA],"

*id.* § 16(b)(1)-(3) (emphasis added). Section 16 does not define "final decision" or "interlocutory order," but "the ordinary meaning" of those terms was "well-established" when Congress enacted § 16 in 1988. *Green Tree*, 531 U.S. at 86. A final decision "ends the litigation on the merits." *Id.* An interlocutory order, in contrast, "does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." *Black's Law Dictionary* 815 (6th ed. 1990).

     **2.**    **a.**    The distinction between final decisions and interlocutory orders disproves the premise of Appellees' jurisdictional argument. Congress did not, as Appellees claim, make appellate jurisdiction over an order compelling arbitration turn on the district court's decision to issue a stay, "[n]o matter" "its reasons for doing so." Br. 31. The first question, as § 16 and "longstanding" finality principles (*Green Tree*, 531 U.S. at 86) make clear, is whether the order ended the litigation on the merits, and is therefore final under § 16(a)(3), or whether it left more to do, and is therefore interlocutory under § 16(b). Only if the order is interlocutory do subsections (b)(1) through (4) matter. That makes sense. Otherwise, a district court could "prevent

appellate review" of any "final decision" compelling arbitration simply "by issuing a stay." *International Alliance*, 801 F.3d at 1041.

Appellees assume (Br. 25-26) that *whenever* a district court says "stay," it renders its order compelling arbitration interlocutory and triggers § 16(b)(1)'s prohibition on review of interlocutory orders "granting a stay of any action under [FAA] section 3." 9 U.S.C. § 16(b)(1). But this Court and the Fifth, Ninth, and Eleventh Circuits have all rejected that question-begging argument. Doc. 19, at 4-5. The reason is simple: when "the sole remedy sought" is arbitration, and the district court compels arbitration, any stay is "of no moment" because "there [is] nothing left for the district court to stay." *Brown*, 462 F.3d at 391-92; *accord American International*, 347 F.3d at 668; *International Alliance*, 801 F.3d at 1040; *United Steel*, 807 F.3d at 1266-68. Section 3 (the FAA's stay provision) cannot apply, under its plain text, where a party does not "bring suit upon a substantive *issue referable* to arbitration," and when a party seeks only to compel arbitration, "no 'action' to be tried" remains, so there is "nothing to stay." *United Steel*, 807 F.3d at 1268. The district court's order here is final and appealable, and the court couldn't have entered a stay, much less under § 3—which its minute entry didn't even invoke, Dist. Ct. Doc. 50.

**b.**      Appellees cannot distinguish these decisions. They claim *Brown* is "inapplicable" because the district court stayed state-court proceedings rather than issuing a § 3 stay, Br. 30, but they ignore the Fifth Circuit's point that after the district court compelled arbitration, "there was nothing left for the district court to stay," *Brown*, 462 F.3d at 392. Just so here. Appellees then claim that *United Steel* and *International Alliance* involved the Labor Management Relations Act (LMRA) rather than the FAA. But the Ninth and Eleventh Circuits issued their holdings under *both* statutes, thus necessarily deciding the issue under the FAA. *United Steel* held that an order compelling arbitration and staying the action "was unquestionably a final order under either the LMRA or the FAA." 807 F.3d at 1287. And contrary to Appellees' characterization (Br. 31), the reason *United Steel* held that § 3 didn't apply was that "there was nothing to stay" because the Union "brought suit … solely to compel arbitration"—not because it was an LMRA case. 807 F.3d at 1268. Similarly, *International Alliance* held that "case law under the LMRA or FAA leads to the same result: a district court presented with a petition to compel arbitration and no other claims cannot prevent appellate review of an order compelling arbitration by issuing a stay." *International Alliance*, 801 F.3d at 1041. The outcome under the FAA wasn't "dictum," as Appellees claim,

Br. 31 n.12, because the Court's holding that it had jurisdiction "whether [it] appl[ied] the FAA, or the LMRA" was necessarily a holding that it had jurisdiction under the FAA, *International Alliance*, 801 F.3d at 1039.

**3.**     This Court follows the same principles. *American International* discussed *Green Tree* in identifying the clear statutory line between final decisions in § 16(a)(3) and interlocutory orders in § 16(b). 347 F.3d at 667-68. Appellees ignore that discussion, fixating on "Judge Posner's" description of the case's "procedural history." Br. 29. Unlike Appellees, the Ninth Circuit reads *American International* correctly, citing it for the principle that "if the motion to compel arbitration in a given case is the only claim before the district court, a decision to compel arbitration is deemed to dispose of the entire case, and permit appellate review under 9 U.S.C. § 16(a)(3)." *International Alliance*, 801 F.3d at 1040 & n.4. Samsung already explained all this. Doc. 17, at 5; Doc. 19, at 5-12. *Contra* Appellees' Br. 19, 23.

Appellees claim that Samsung "reviv[es] decisions repudiated by *Green Tree*," Br. 29, because those decisions distinguished "between independent and embedded proceedings," Br. 24 (quoting *Green Tree*, 531 U.S. at 88). That's false, as *American International*, *International Alliance*, *United Steel*, and *Brown* all show. *Green Tree expanded* the scope of "final decisions" under

§ 16(a)(3) by making clear that an order compelling arbitration is final if it "plainly disposed of the entire case on the merits," even if other relief was sought, because it also disposed of those other requests for relief. *American International*, 347 F.3d at 668 (quoting *Green Tree*, 531 U.S. at 86-87). *Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 91, 93 (2d Cir. 2002), drew the same distinction as footnote 2 of *Green Tree*, but in a case involving an action the court dismissed after compelling arbitration, and so didn't consider a standalone arbitration request.

    **4.**    Finally, the § 16(b)(1) decisions Appellees cite are distinguishable for that same reason, as Samsung has already explained: each involved claims or issues that the order compelling arbitration did not resolve, making the order interlocutory. Doc. 19, at 11-17.

- *Moglia v. Pacific Employers Insurance Co. of North America*, 547 F.3d 835, 836-37 (7th Cir. 2008), involved unresolved claims in a bankruptcy adversary proceeding that the district court stayed pending arbitration.

- In *INTL FCStone Financial Inc. v. Jacobson*, 950 F.3d 491, 498, 501 (7th Cir. 2020), several issues remained before the district court, including a request for a permanent injunction. Similarly, *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 308 (5th Cir. 2003), involved an unresolved request for "a declaratory judgment that … [one party] had no liability."

- 13 -

- *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091, 1093, 1098 (6th Cir. 2002), involved underlying "contract disputes" stayed pending arbitration—and the court recognized that an "order compelling arbitration is clearly a final order" when it "leave[s] nothing more for the court to do."

- In *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 954-55 (10th Cir. 1994), the plaintiff brought "breach of contract and declaratory judgment" claims, and the district court ordered arbitration and a § 3 stay. The court could issue that stay only because, unlike here, "§ 3 contemplates a suit brought on 'any issue referable to arbitration'"—there, the contract and declaratory judgment claims. *Id.* at 955 (quoting 9 U.S.C. § 3); *see supra* p. 10.

- *Accenture LLP v. Spreng*, 647 F.3d 72, 74 (2d Cir. 2011), required further district court proceedings to address unresolved "claims for a permanent injunction … and breach of contract."

- In *Psara Energy, Ltd. v. Advantage Arrow Shipping, L.L.C.*, 946 F.3d 803, 805-06 (5th Cir. 2020), the plaintiff alleged "breach of contract," among other things, and the district court ordered arbitration without resolving those claims, making the order interlocutory. The court noted that "this case commenced not as a suit simply to compel arbitration pursuant to the FAA" (in which case an order compelling arbitration would have been final under *Brown*) "but to obtain relief against the defendants" on various claims. *Id.* at 808.

These decisions confirm that the line between § 16(a)(3) final decisions and § 16(b) interlocutory orders is whether the order compelling arbitration resolved the case or instead left requests for relief pending. Doc. 19, at 6-17. A stay matters only where it keeps claims pending. Where the arbitration

request was the only issue before the court, a "stay" makes no difference. *Supra* pp. 6-7, 9-13.

5.     Here, the district court ordered arbitration and payment of fees, the sole relief sought, *see* RSA 36, so there was "no 'action'" left under § 3 and "nothing to stay," *United Steel*, 807 F.3d at 1268. While Appellees argue "that the district court may referee any continuing disputes over fees," Br. 22, they identify no claim "pending before the court," *Green Tree*, 531 U.S. at 86. That is because the court "disposed of the entire case on the merits." *Id.* True, Samsung warned in its stay papers that Appellees might ask the court to address future fee disputes absent a stay pending appeal, but that doesn't mean that any such request would be proper or that it justifies a stay under § 3 where there is no underlying claim. "Speculative post-arbitration proceedings cannot impact the finality of orders compelling arbitration," *United Steel*, 807 F.3d at 1269; *see* Doc. 19, at 18-19, just as the possibility of enforcing, vacating, or modifying an arbitral award "does not vitiate the finality of" an order compelling arbitration, *Green Tree*, 531 U.S. at 86. This Court has jurisdiction.

**II.    Appellees failed to meet their evidentiary burden of showing that they had a valid arbitration agreement with Samsung.**

The district court erred in ruling—based on no evidence—that Appellees met their burden to establish that they each had an arbitration agreement with Samsung.

> **A.    The party seeking to compel arbitration must show, with evidence, that the parties agreed to arbitrate before the party opposing arbitration must produce contrary evidence.**

**1.**    A court cannot compel arbitration absent an arbitration agreement. *Zurich American Insurance Co. v. Watts Industries, Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). Pretrial disputes about the existence of an arbitration agreement are governed by the same standard that governs summary judgment, meaning that the party moving to compel arbitration bears the initial burden of proof. Samsung Br. 39-41; Chamber of Commerce Br. 9-11. The moving party must submit *evidence* showing the parties agreed to arbitrate. Only if those movants—here, Appellees—submit such evidence does the burden shift to the nonmoving party—here, Samsung. *See, e.g.*, *Kass v. PayPal Inc.*, 75 F.4th 693, 703 (7th Cir. 2023); *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). And while a nonmovant "cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests,"

- 16 -

*Tinder v. Pinkerton Security*, 305 F.3d 728, 735 (7th Cir. 2002), the nonmovant "does not have to rebut factual propositions on which the movant bears the burden of proof and that the movant has not properly supported in the first instance," *Johnson*, 651 F.3d at 662.

**2.** Appellees concede that "[t]he party seeking arbitration must come forward with *evidence* that the parties agree to arbitrate." Br. 35 (emphasis added). They nonetheless contend that the party seeking arbitration need not produce *any evidence* when the nonmoving party "fails to properly address [the moving] party's [unsubstantiated] assertion of fact." *Id.* That gets Federal Rule of Civil Procedure 56 and the caselaw backwards. The party seeking arbitration has "the initial duty to present evidence" *before* the nonmovant must show anything "in response." *Boykin v. Family Dollar Stores of Michigan, LLC*, 3 F.4th 832, 839 (6th Cir. 2021). The movant "must support the assertion by … citing to particular parts of materials in the record" — typically, "depositions, documents, … affidavits or declarations." Fed. R. Civ. P. 56(c)(1)(A). And "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* 56(c)(4). Only if the *movant* satisfies

that burden "as required by Rule 56(c)" does the nonmovant need to "address [the movant's] assertion of fact." *Id.* 56(e).

Finally confronting their burden, Appellees contend that they may rely on "a broad range of 'materials in the record'" to flip the evidentiary burden to Samsung, Br. 35 (quoting Fed. R. Civ. P. 56(c)(1)(A), (e)(2)), and that "[s]worn testimony is not the only" evidence that counts. *Id.* But they still need *evidence*—and the unverified, unsubstantiated allegations Appellees offer (*see infra* pp. 19-21) are not evidence.

### B.    Appellees—who bore the initial burden of proof—offered no evidence that they agreed to arbitrate with Samsung.

**1.**    Appellees failed to meet their evidentiary burden of showing that they agreed to arbitrate. Samsung Br. 41. They didn't submit *any* evidence. No Appellee, for instance, even provided a sworn statement about what Samsung device they supposedly owned. Appellees' failure to carry their evidentiary burden means the burden never shifted to Samsung. It also means the district court erred in compelling arbitration. Absent evidence of a valid arbitration agreement, the court had no basis to compel arbitration.

**2.**    Instead of addressing this fatal problem, Appellees fault *Samsung* for not responding with evidence to their non-evidentiary allegations.

Appellees first point to their "demand[s] for arbitration" claiming that they own Samsung devices. Br. 36-37, 39-40. But "statements of attorneys are not evidence." *Campania Management Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002). Indeed, just as "[a]llegations in a complaint are not evidence," *Nisenbaum*, 333 F.3d at 810, neither are statements in an unsworn arbitration demand.

Tellingly, Appellees seem to have abandoned their contention that the allegations in their unsworn, unverified *petition* are evidence. That makes sense. Rule 56(c)(4) doesn't allow movants to rest on mere allegations—it contemplates affidavits and declarations and requires that they be based on personal knowledge and address facts admissible in evidence. Federal law requires an unsworn declaration to be written, signed, dated, and certified as true and correct "under penalty of perjury." 28 U.S.C. § 1746. "[U]nattested statements … do not meet these standards" and cannot carry a party's burden at summary judgment. *Banks*, 829 F.3d at 668. Yet Appellees do little more than cite their petition and its attachments. But nothing in the petition or the attached list of claimants is *evidence*, because neither is verified or authenticated. *James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020).

Appellees next suggest that the AAA's "determin[ation] that the claimants had satisfied their burden" somehow involves "record evidence." Br. 39-40. But Appellees' unsworn allegations wouldn't be evidence even if they were subject to "vetting" before the AAA. *Id.* The question is whether Appellees' allegations satisfy the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the FAA. The answer is "no," and the AAA's claims-processing determination doesn't change it. Moreover, all the AAA did was process Appellees' claims because they attached arbitration agreements to their demands—without any proof the agreements bound them. Samsung Br. 24. The AAA never determined that Appellees have valid arbitration agreements with Samsung, and Appellees are wise enough not to assert that the AAA's determination is itself evidence. And Appellees' notion (Br. 39, 43) that Samsung could have requested a Process Arbitrator before the AAA ignores Appellees' burden to show a court a valid arbitration agreement before it can compel arbitration.

Even if Appellees' submissions were somehow evidence, they don't establish any right to arbitrate. Information about one's identity isn't evidence of an arbitration agreement, much less with Samsung about a particular device. What's more, neither those demands nor anything else

Appellees submitted to the court identified which Samsung device they owned, or when or where. "[S]elf-serving statements *in affidavits*"—which Appellees don't have—"carry no weight on summary judgment" unless "they are based on personal knowledge and *set forth specific facts*." *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004) (emphases added). Appellees have offered no basis to find a binding arbitration agreement, even assuming their allegations could somehow be evidence, because they offer no specific facts.

Appellees also criticize Samsung for not identifying deficiencies claimant-by-claimant. Br. 36-43. But that's *Appellees' counsel's* job (and ethical obligation). Samsung "does not have to rebut factual propositions" that Appellees "ha[ve] not properly supported in the first instance." *Johnson*, 651 F.3d at 662. Samsung identified significant deficiencies before the AAA, Samsung Br. 23, 27, that were *not* "satisfactorily resolved" before the district court ruled. Appellees' Br. 42. Labaton *still* appears to represent Appellees already represented by other counsel, *see* Dist. Ct. Doc. 48, at 3-4, suggesting that genuine diligence would reveal numerous deficiencies.

**3.** Appellees concede that if they "have not provided enough record evidence that an agreement to arbitrate existed," this Court should

"remand … to allow the district court to consider further evidence." Br. 44. Because Appellees have submitted *no* evidence, that's exactly what the Court should do if it doesn't reverse outright given the AAA's closure of the arbitrations, *infra* pp. 23-33. Appellees' counsel "ha[ve] not explained why [they] could not have obtained sworn affidavits, written declarations 'under penalty of perjury,' or other competent evidence," *Banks*, 829 F.3d at 668, as the FAA and federal procedural and evidentiary rules require, showing that they each have a valid arbitration agreement with Samsung. Appellees' brief, filed on behalf of just *five* Appellees, suggests the likely answer: Labaton's gambit remains what it always has been—an effort to do as little as possible, meaning no investigation into whether their clients' claims have any factual basis, to trigger massive arbitration fees to force a settlement lining counsel's pockets. Appellees' brief invokes Ms. Wallrich's name quite a few times, but cites zero evidence as to either her or the tens of thousands of other claimants who have filed no brief before this Court.

### III. The district court erred in compelling arbitration and payment of fees because arbitral-fee issues were for the AAA, which did not require Samsung to pay fees but instead closed the arbitrations, permitting Appellees to pursue their underlying claims in court.

The district court erred in compelling arbitration and requiring Samsung to pay fees. *First*, the district court rewrote the parties' agreements by overriding the AAA's decision not to require Samsung to pay fees and to instead send Appellees back to court on the merits. Samsung Br. 20-21, 47-49. The arbitration agreements (assuming for sake of argument that each Appellee has one with Samsung) expressly commit fee issues to the AAA. The AAA, applying its own rules, did not to require Samsung to pay filing fees but instead closed the cases given the nonpayment of those fees by either party, allowing Appellees to bring their underlying claims in court. The district court was required to respect that decision. *Second*, even assuming the contracts were silent on fees, administrative fees are "procedural" matters for arbitral bodies, not courts, to decide.

Appellees don't dispute that any arbitration agreements committed fee issues to the AAA, and that the district court could not rewrite those terms. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528-29 (2019); Appellees' Br. 53-54 ("It is true that, under the contract, 'fees …

shall be determined according to AAA rules.'" (quoting 5-SA1162)). Instead, Appellees claim that the AAA required Samsung to pay fees (it didn't) and that the caselaw making clear that fee issues are for arbitrators by default is distinguishable (it's not).

### A. The AAA decided that Samsung was not required to pay fees, and the district court was required to respect that decision because the issue was committed to the AAA.

Rather than require Samsung to pay fees, the AAA decided to close the cases and let the parties litigate the merits in court given the nonpayment of the outstanding filing fees by either party. The district court erred in over-riding that discretionary judgment applying the AAA Rules. Samsung Br. 49-52.

Appellees do not dispute that courts must respect an arbitral determination falling within the scope of the authority the parties committed to the arbitral body. *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569, 573 (2013). For example, in *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1011-13 (9th Cir. 2004), the Ninth Circuit refused to second-guess an arbitral decision involving nearly identical circumstances: the AAA, exercising its "discretion" over administrative fees, "suspended the proceedings" given the nonpayment *by either party*. Because the parties agreed to abide by certain

rules that gave the AAA "discretion" and "flexibility" to determine whether, when, and how much fees are due, the court had to honor the AAA's determination and order the district court to "dismiss the petition." *Id.* at 1013. And in *Hernandez v. MicroBilt Corp.*, No. 22-3135, 2023 WL 8401682, at *5 (3d Cir. Dec. 5, 2023), the Third Circuit held that it "lack[ed] the authority to review the AAA's decision" to apply Rule 1(d) and send a dispute back to court for merits resolution. Rule 1(d) states that, "should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution." *Id.* at *1-2 (emphasis omitted; quoting rule). "Because arbitration is a creature of contract," the court explained, "the parties were free to allow administrators to exercise this power" to decline to arbitrate, and the court "lack[ed] the authority to rewrite their agreement." *Id.* at *4.

*Lifescan* and *Hernandez* require reversal. The alleged agreements here incorporated the AAA Rules, which give the AAA full discretion over administrative fees, and the AAA's decision was a straightforward application of those rules. Samsung Br. 20, 25-26, 51-52. When Samsung advised the AAA that it declined to pay filing fees, it invoked Rule MC-10(d) of the AAA's mass-arbitration rules (5-SA1263), anticipating that if Appellees did

not advance filing fees as that rule contemplates, the AAA would close the arbitrations under Rule 1(d) (5-SA1174) to permit the parties to address their "dispute" (*i.e.*, the merits) in court. 5-SA1253. Appellees' counsel understood that, twice asking the AAA to close the arbitrations so they could "proceed to court." Dist. Ct. Docs. 1-16, at 2; 27-12, at 2. The AAA did just that, quoting Rule 1(d) and stating that, should it "decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution." 5-SA1275 (quoting rule).

*Hernandez* holds that courts must respect an AAA decision applying Rule 1(d) to remit parties to court. Because the AAA acted "pursuant to the parties' agreement and the rules they incorporated," there was "no basis for an order requiring [Samsung] to pay the fees, or compelling arbitration," and "the district court erred in holding [otherwise]." *Lifescan*, 363 F.3d at 1013.

### B. Fee disputes are procedural matters for arbitral bodies to decide even when the contract does not expressly say so.

Even if the (alleged) contracts were silent on fees, the district court's ruling that *it* could decide the fee issue would still be wrong, because administrative fees are procedural matters for arbitral bodies to decide, as the Fifth Circuit and other courts have held. Samsung Br. 53-57. Courts

presume that "procedural" questions are for arbitral bodies and "substantive" questions are for courts. *Lumbermens Mutual Casualty Co. v. Broadspire Management Services, Inc.*, 623 F.3d 476, 480-81 (7th Cir. 2010). Procedural questions include "conditions precedent to an obligation to arbitrate"; substantive questions tend to concern "*whether* there is a contractual duty to arbitrate at all." *BG Group, PLC v. Republic of Argentina*, 572 U.S. 25, 35 (2014). Because they are conditions precedent to arbitration, administrative fees are presumptively committed to arbitral bodies, not courts. *See, e.g.*, *Dealer Computer Services, Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 887 (5th Cir. 2009); *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746, 762 (3d Cir. 2016); *Lumbermens*, 623 F.3d at 482 (citing *Dealer Computer Services*). And because the AAA did not require Samsung to pay the filing fees, instead closing the arbitrations after Appellees' counsel refused to advance payment, the district court had no power to compel arbitration and payment of fees.

## C.  Appellees' counterarguments lack merit.

Appellees fixate on the notion that the AAA required Samsung to pay the filing fees. But as Samsung explained (Br. 20, 58-60), the AAA exercised its discretion to close the arbitrations and open the courthouse doors given

the nonpayment of fees by "the claimants[] and Samsung[]." 5-SA1275. The AAA did *not* require Samsung to pay the filing fees, and no court can second-guess that decision.

    **1.**    Appellees' selective quotations don't change the facts.

    *First*, the AAA did not declare "that the arbitrations were 'closed due to non-payment of filing fees by the business.'" Appellees' Br. 44. The quoted letter did not close the arbitrations, but instead communicated: "Based on the *claimants' and Samsung's* statements declining to pay Samsung's portion of the filing fees for the non-California cases, unless we hear otherwise prior to November 16, 2022, the AAA will close all non-California cases." 5-SA1275 (emphasis added). Thus, the AAA said it would close the arbitrations based on nonpayment *by either party*.

    The language Appellees quote is in the next paragraph, where the AAA observed that, under its rules, "in the event any multiple case filings are closed due to non-payment of filing fees by the business, the AAA will return any filing fees received from the individuals." *Id.* It makes sense that the AAA specified "the business," because it was discussing returning fees received from "the individuals." This context precludes reading the AAA's statement as implying that Samsung was *required* to pay the filing fees.

*Second*, the statement that the AAA had "not received Samsung's portion of the filing fees," Appellees' Br. 44, likewise doesn't mean the AAA required Samsung to pay filing fees. True, "each party has certain pre-determined filing-fee obligations" Samsung Br. 20-21—the "consumers' portion of the filing fees" and "Samsung's portion of the filing fees," 5-SA1275-76. But the question is how the AAA Rules apply when both parties decline to pay fees—a question the AAA's letter addresses elsewhere in stating that the AAA will close the arbitrations and let the parties proceed in court.

**2.    a.**    Without those mischaracterizations, Appellees' argument falls apart. As Samsung explained (Br. 51-52, 61-62), assuming there are valid arbitration agreements, the parties bargained for arbitration under the AAA Rules, including the AAA's unfettered discretion over fees. As *Lifescan* made clear, there is "no 'failure, neglect, or refusal' … to arbitrate" under the FAA when the AAA acts "well within its discretion" to suspend the proceedings given the nonpayment by either party. 363 F.3d at 1013. Thus, there is "no basis for an order requiring [the nonpaying party] to pay the fees." *Id.* The AAA could have ordered Samsung to pay the fees or determined that Samsung had refused to arbitrate—but, as in *Lifescan*, it didn't. What's more, if the AAA thought Samsung was refusing a payment requirement, it could

"decline to administer future consumer arbitrations with" Samsung, 5-SA1255-1263—but it hasn't.

Appellees hypothesize that Samsung could have "pa[id] its initial filing fees and [sought] a Process Arbitrator," Br. 46, omitting that Samsung would have had to pay millions in filing fees first. But the AAA Rules also allowed Samsung to decline to pay those fees, in which event the AAA would close the arbitrations and send the parties to court on the merits if Appellees refused to advance those fees. That's exactly what happened.

Appellees next say (Br. 48) that the AAA never cited MC-10(d), the rule permitting fee-advancement. But Samsung invoked MC-10(d), 5-SA1572, and the AAA did just what that rule provides. The district court's order vitiates MC-10(d).

Appellees also argue (Br. 51) that *Lifescan* is inapposite because the nonpaying party there was indigent, unlike Samsung. But the way the AAA and *Lifescan* addressed that issue supports Samsung. *Lifescan* held that where the parties agreed under the AAA rules to "leave" "the apportionment of fees … up to the arbitrators," the court had to respect the AAA's decision. 363 F.3d at 1013. Inability to pay was a consideration *for the arbitrators*, who exercised their authority under the rules and "changed their order" when

informed of inability to pay. *Id.* at 1012. Here, the AAA closed the arbitrations and opened the door to litigation rather than require Samsung to pay. No court can second-guess that decision by pointing to ability to pay, which *Lifescan* confirms is a consideration committed to the AAA. Neither *Dealer Computer Services*, which was "not faced with" that issue, 588 F.3d at 888 n.3, nor *Tillman v. Tillman*, 825 F.3d 1069, 1072, 1075 (9th Cir. 2016), says otherwise. To the contrary, *Tillman* reiterated *Lifescan*'s core holding that "parties have the right under the FAA to choose the rules under which their arbitration will be conducted," including "rules that allowed the arbitrator to terminate their arbitration in the event of non-payment *without* any resulting award or judgment," and that no court may second-guess such an arbitral decision. *Id.* at 1076.

      **b.** For these same reasons, Appellees' argument that "Samsung's refusal to pay was bound up with a refusal to arbitrate" fails. Br. 55. As Samsung explained (Br. 61-62), that argument rests on the mistaken belief that the (alleged) arbitration agreements are unconditional. But the agreements provide that the parties agreed to arbitrate *pursuant to the AAA Rules*, which (a) specifically address this situation in the mass-arbitration context, (b) give the AAA full discretion over fee assessments, and (c) allow the AAA to direct

the parties to resolve their underlying dispute in court "should the AAA decline to administer an arbitration." 5-SA1275. Thus, choosing not to pay is not a de facto refusal to arbitrate. Indeed, Samsung told the AAA *twice* that it would arbitrate if Appellees advanced the fees, consistent with the AAA Rules. 5-SA1253; 5-SA1272-73.

**c.** Appellees also assert that "courts consistently penalize willful refusals to pay" because they "routinely decide whether a party's failure to pay its arbitration fees satisfies statutory determinations the FAA entrusts to courts." Br. 50, 54. The decisions they cite turn on particular facts not present here. In *Freeman v. SmartPay Leasing, LLC*, 771 F. App'x 926, 933 (11th Cir. 2019), for example, the respondent had "expressly agreed to pay the filing fee" in the arbitration agreement. In *Moglia* (Appellees Br. 56-57), the district court ordered a party to sign a hold-harmless agreement after the arbitrators had already "require[d] the parties to sign" one. 547 F.3d at 836. Those decisions don't support a fee order here, where the AAA—applying its own rules—didn't require Samsung to pay fees.

**3.** Appellees' remaining arguments fail. The AAA's statement in Uber's case (Br. 47) isn't probative because the AAA made no such statement here. And the issue isn't whether "the claimants were also responsible for

Samsung's fees," Appellees' Br. 48, but whether the AAA required Samsung to pay. It did not. Finally, Appellees' argument that honoring the AAA's decision applying its own rules "would lead to jarring results," Br. 49, is just a request to second-guess the AAA, *contra Oxford Health Plans*, 569 U.S. at 569. *That* would be an impermissible "end-run around decades of arbitration jurisprudence," Appellees' Br. 50, because "a court may not devise novel rules to favor arbitration over litigation," *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022).

## CONCLUSION

The Court should reverse the district court's ruling that Appellees met their evidentiary burden to establish that they each had a valid arbitration agreement with Samsung and its order compelling arbitration and requiring Samsung to pay fees.

Dated: December 22, 2023

Respectfully submitted,

*/s/ Shay Dvoretzky*

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney
Jeremy Patashnik
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001

Randall W. Edwards
Matthew D. Powers
O'MELVENY & MYERS LLP
Two Embarcadero Center,
  28th Floor
San Francisco, CA 94111

Mark Howard Boyle
DONOHUE BROWN
  MATHEWSON & SMYTH LLC
131 South Dearborn Street,
  Suite 1600
Chicago, IL 60603

Shay Dvoretzky
  *Counsel of Record*
Parker Rider-Longmaid
Kyser Blakely
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1440 New York Ave., NW
Washington, DC 20005
Telephone: 202-371-7000
shay.dvoretzky@skadden.com

Jonathan D. Hacker
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Ashley M. Pavel
O'MELVENY & MYERS LLP
610 Newport Center Drive,
  17th Floor
Newport Beach, CA 92660

James L. Kopecky
KOPECKY SCHUMACHER
  ROSENBURG LLC
120 North LaSalle Street,
  Suite 2000
Chicago, IL 60601

*Counsel for Respondents-Appellants Samsung Electronics America, Inc.,
and Samsung Electronics Co., Ltd.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and Circuit Rule 32(c) because, as calculated by Microsoft Word, it contains 7,000 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). I also certify that this brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: December 22, 2023          */s/ Shay Dvoretzky*
                                  Shay Dvoretzky

                                  *Counsel for Respondents-Appellants*
                                  *Samsung Electronics America, Inc.,*
                                  *& Samsung Electronics Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2023, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: December 22, 2023        */s/ Shay Dvoretzky*
                              Shay Dvoretzky

                              *Counsel for Respondents-Appellants*
                              *Samsung Electronics America, Inc.,*
                              *& Samsung Electronics Co., Ltd.*