Skadden, Arps, Slate, Meagher & Flom LLP

1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
———
TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(202) 371-7370
DIRECT FAX
(202) 661-2370
EMAIL ADDRESS
SHAY.DVORETZKY@SKADDEN.COM

December 29, 2023

Christopher G. Conway
Clerk of the Court
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn St., Room 2722
Chicago, IL 60604

>   RE: Response to Mr. Deepak Gupta's letter about Appellees' Brief in *Wallrich, et al. v. Samsung Electronics America, Inc., et al.*, No. 23-2842 (7th Cir.)

Dear Mr. Conway:

We represent Defendants-Appellants Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. (together, Samsung), in *Wallrich, et al. v. Samsung Electronics America, Inc., et al.*, No. 23-2842 (7th Cir.). This letter responds to Mr. Deepak Gupta's December 23, 2023, letter (Doc. 68) and its statements about Appellees' brief (Doc. 51).

Samsung's reply brief (Doc. 66) explained that Appellees' brief appears to have been "filed on behalf of just *five* Appellees." Reply 22. Mr. Gupta of Gupta Wessler LLP filed the brief, and the disclosure statements and appearances for all Gupta Wessler attorneys state that those attorneys represent just five parties: "Paula Wallrich, Danielle Jones, Grant Grinnell, Jeffrey Burton, Rhonda McCallum." Doc. 47; Appellees' Br., first 3 unnumbered pages (disclosure statements). In contrast, the Labaton Sucharow attorneys' disclosure statements, even those filed after Mr. Gupta filed his disclosure statement, declare that the Labaton attorneys represent "Paula Wallrich, Danielle Jones, Grant Grinnell, Jeffrey Burton, Rhonda McCallum, *Providencia Villegas, and 49,980 Individuals*." Docs. 6, 7, 48, 49 (emphasis added). But Appellees' brief does not include disclosure statements and appearances for any Labaton Sucharow attorneys. And Circuit Rule 26.1(c) states that "[a] disclosure statement for each attorney for a non-governmental party … must be included with … an appellee's brief"; similarly, Federal Rule of Appellate Procedure 26.1(d)(2) requires disclosure statements to "be included before the table of contents in the principal brief." The reasonable (if not only) conclusion is that Gupta Wessler represents just five Appellees, unlike Labaton Sucharow, which represents all 49,986

Appellees, and that Deepak Gupta of Gupta Wessler filed Appellees' Brief on behalf of only those five Appellees whom he and his Gupta Wessler colleagues have told the Court they represent.

Mr. Gupta's December 23 letter states that "the appellee's brief (ECF 51) is filed on behalf of all appellees." But it says nothing to address the issues just described. Instead, the letter notes that the Court entered an annotation that "this cause consists of more than 5 parties for either side," so there are "parties to this cause … reflected on the District Court docket, yet … not reflected on the Appellate docket/caption for administrative purposes: APPELLEES: Providencia Villegas and 49,980 other individuals." Doc. 2. To be sure, the Court's docket separately lists just five Appellees "for administrative purposes." But Mr. Gupta's letter cites no authority permitting counsel to use this Court's administrative docket management practice to obscure in disclosure statements and appearances which parties they represent, or to fail to note on the cover of (or elsewhere in) a brief the parties on whose behalf they are filing the brief. (In any event, contrary to the letter's statement that Samsung pointed to "the caption on the cover of appellees' brief," Samsung's reply never mentions the caption.)

Mr. Gupta's letter also cites Federal Rule of Appellate Procedure 3(c)(1)(A) and page 93 of the Court's *Practitioner's Handbook for Appeals* (2020 ed.) as supporting the assertion that he filed Appellees' Brief on behalf of *all* Appellees. But both Rule 3 and page 93 address notices of appeal, not disclosure statements and appearances or captions; the rule permits a notice of appeal to "describe" more than one party "with such terms as 'all plaintiffs,' 'the defendants,' 'the plaintiffs A, B, et al.,' or 'all defendants except X.'" Fed. R. App. P. 3(c)(1)(A). That rule doesn't apply to Gupta Wessler's disclosure statements or their brief, and even if it did, it would *confirm* that where the disclosure statements list just five parties, five parties is what they mean.

Perhaps recognizing these problems, Mr. Gupta's letter concludes by invoking Federal Rule of Appellate Procedure 28(i) to state that "*all* appellees for whom the appellees' counsel have entered their appearance in this Court (ECF 6) join in the appellees' brief." Letter; *see* Fed. R. App. 28(i). But if Mr. Gupta's letter intends that carefully worded sentence citing a *Labaton* appearance for *all* appellees to act as a joinder, such a joinder must be filed by an attorney who does in fact represent *all* appellees. The Gupta Wessler attorneys' disclosure statements declare that the Gupta Wessler attorneys represent just five Appellees.

On the morning of December 27, 2023, I reached out to Mr. Gupta and the other Gupta Wessler attorneys who have entered appearances about these problems. I asked which of the 49,986 Appellees Gupta Wessler represents and pointed to what the Gupta Wessler disclosure statements say and the requirement of Circuit Rule 26.1(c) to file disclosure statements with briefs. As of the filing of this letter, I have not received a response.

      As the record now stands, Gupta Wessler has not submitted anything to the Court, or disclosed anything to Samsung's attorneys, that would change the conclusion that Appellees' brief appears to have been "filed on behalf of just *five* Appellees." Reply 22. Mr. Gupta, whose disclosure statement and appearance with the Court says that he represents just five Appellees, filed the brief, which doesn't name anybody else and which doesn't contain disclosure statements for attorneys representing anyone else. Samsung respectfully submits that (a) the Gupta Wessler attorneys should correct their disclosure statements if they are inaccurate, or, (b) if those statements are accurate, then a Labaton attorney would need to file a (late) Rule 28(i) joinder for all Appellees in the brief that Gupta Wessler filed for just five Appellees, if that is what the remaining 49,981 Appellees wish to do; and Appellees' counsel should otherwise take transparent action to clear up the confusion they have created and Mr. Gupta's December 23 letter has perpetuated.

                                                        Respectfully,

                                                        Shay Dvoretzky

*Counsel for Defendants-Appellants*
  *Samsung Electronics America, Inc. and*
    *Samsung Electronics Co., Ltd.*