

**Gupta** / **Wessler**     *Issues & Appeals*

February 5, 2024

*Via Electronic Filing*

Christopher G. Conway
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, IL 60604

**Re:     No. 23-2842,** *Wallrich, et al. v. Samsung*
**Notice of Supplemental Authority under Rule 28(j)**

Dear Mr. Conway:

We write to bring to the Court's attention "significant updates" to the rules of the American Arbitration Association, where the claimants' demands are now pending. *AAA Enhances Arbitration with New Mass Arbitration Rules* (Jan. 30, 2024), https://www.adr.org/blog/AAA-New-Mass-Arbitration-Rules. These were "developed from AAA's extensive case experience and feedback from parties and mass arbitration panelists." *Id.*

These new rules require affirmations from counsel upon filing, significantly decrease businesses' initial fees, allow for the resolution of procedural disputes at an earlier stage, and impose new fees on consumers:

- **Required affirmations:** Demands for arbitration must now "include an affirmation that the information provided for each individual case is true and correct to the best of the representative's knowledge." Ex. 3, MA-2.

- **Significantly lower initiation fees:** Instead of requiring businesses to pay an initial per-claimant fee—which here totaled a little over $4 million, Opening Br. 24—AAA now only requires businesses to pay a flat "Initiation Fee" of $8,125. Ex. 4, (i).

- **Earlier resolution of threshold disputes:** "After all parties have paid the Initiation Fees," AAA can appoint, or either party may request, a Process Arbitrator to resolve threshold disputes, including alleged deficiencies in the filings, disputes over fees, or "[a]ny other non-merits issues affecting case administration arising out of the nature of the mass arbitration." Ex. 3, MA-6(a), (c)(i), (c)(iii), (c)(xi).

- **New consumer fees:** If a case proceeds to the merits, consumers must pay an Arbitrator Appointment Fee of $50 to $75 per consumer. Ex. 4, (iii). Previously, only businesses had to pay these fees.

Gupta Wessler PLLC
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741     F 202 888 7792
guptawessler.com



Although these new rules are not retroactive, *see* Ex. 2 (new rules "are not applicable to any mass arbitrations filed prior to January 15"), the claimants will agree to the application of these rules in their pending arbitrations upon mutual consent of the parties, *see* Ex. 1.

Claimants' counsel will accordingly provide the required affirmations. And Samsung will no longer have to pay $4 million in initiation fees. Instead, before paying any significant fees, Samsung will have an opportunity to raise disputes about fees, alleged deficiencies, or other threshold issues before a Process Arbitrator.

Respectfully submitted,

*/s/ Deepak Gupta*
Deepak Gupta

*Counsel for Petitioners-Appellees*

# EXHIBIT 1



Melissa H. Nafash
Partner
Labaton Keller Sucharow LLP
140 Broadway
New York, New York 10005
212.907.0861
mnafash@labaton.com

February 5, 2024

**VIA ELECTRONIC MAIL**

Victoria Chandler
American Arbitration Association
120 Broadway, 21st Floor
New York, New York 10271
MultiCaseFiling@adr.org

       Re:    Application of AAA's Revised Rules to Individual Claimants v. Samsung Electronics USA, Inc. - Case 01-22-0003-9924

Dear Ms. Chandler,

I write regarding the potential application of AAA's revised rules to the 35,597 individual arbitrations filed on October 23, 2023 in the above-cited proceeding and currently stayed before the AAA. We recently received a communication from AAA regarding significant updates to its mass arbitration rules. *See* January 16, 2024 Email Announcement from AAA attached as Exhibit A. Among other things, the rule changes "include new attestation requirements, a preference for virtual hearings, an expanded process arbitrator role and the limited ability of merits arbitrators to review process arbitrator's decisions." *Id.* Although these new rules do not apply retroactively, *see id.*, Claimants will consent to the application of these new rules in their pending arbitrations if Samsung timely consents.

We look forward to receiving a response.

Very truly yours,

Melissa H. Nafash
Partner

New York | Delaware | Washington, D.C.

# EXHIBIT A

| | |
|---|---|
| **From:** | Krista Peach <MassArbitration@adr.org> |
| **Sent:** | Tuesday, January 16, 2024 3:25 PM |
| **To:** | Nafash, Melissa |
| **Subject:** | [EXTERNAL][BULK] AAA Announces Updated Mass Arbitration Supplementary Rules |

Caution! This message was sent from outside your organization.     Allow sender | Block sender

Trouble viewing this email? View in browser



Dear Counsel:

As you are currently or have previously participated in a mass arbitration administered by the American Arbitration Association® (AAA®), we are reaching out to let you know that on January 15, 2024, the AAA issued amended *Mass Arbitration Supplementary Rules* (Rules) and new standalone Consumer Mass Arbitration and Mediation and Employment/Workplace Mass Arbitration and Mediation Fee Schedules (Fee Schedules). These updated Rules and Fee Schedules will apply to all mass arbitration case filings filed on or after January 15. They are not applicable to any mass arbitrations filed prior to January 15.

The amended Rules aim to reduce friction and enhance process efficiency. They are designed to empower parties with a faster, more affordable and less adversarial path to resolving mass disputes. These changes include new attestation requirements, a preference for virtual hearings, an expanded process arbitrator role and the limited ability of merits arbitrators to review process arbitrator's decisions. Additionally, the Fee Schedules focus on early resolution opportunities and cost predictability, with flat initiation fees and staged fees for both consumer and employment/workplace mass arbitrations, ensuring a transparent and manageable expense structure as cases progress.

For more information on the updated Mass Arbitration Rules and Fee Schedules, please visit **https://go.adr.org/2024-mass-arbitration-rules**. Any further questions may be directed to massarbitration@adr.org.

Sincerely,

1

Krista Peach
Assistant Vice President, Consumer Division
American Arbitration Association
International Centre for Dispute Resolution®
T: 888.774.6904 E: [MassArbitration@adr.org](mailto:MassArbitration@adr.org)
2355 Highway 36 West, Suite 400, Roseville, MN 55113
adr.org | icdr.org | aaamediation.org

  

**© 2024 American Arbitration Association**
120 Broadway, 21st Floor, New York, NY 10271

To view a copy of the AAA's privacy policy, click here.

If you have been forwarded this email and would like to receive AAA communications, click here.

# EXHIBIT 2

Trouble viewing this email? View in browser

 **AMERICAN ARBITRATION ASSOCIATION®**

Dear Counsel:

As you are currently or have previously participated in a mass arbitration administered by the American Arbitration Association® (AAA®), we are reaching out to let you know that on January 15, 2024, the AAA issued amended *Mass Arbitration Supplementary Rules* (Rules) and new standalone Consumer Mass Arbitration and Mediation and Employment/Workplace Mass Arbitration and Mediation Fee Schedules (Fee Schedules). These updated Rules and Fee Schedules will apply to all mass arbitration case filings filed on or after January 15. They are not applicable to any mass arbitrations filed prior to January 15.

The amended Rules aim to reduce friction and enhance process efficiency. They are designed to empower parties with a faster, more affordable and less adversarial path to resolving mass disputes. These changes include new attestation requirements, a preference for virtual hearings, an expanded process arbitrator role and the limited ability of merits arbitrators to review process arbitrator's decisions. Additionally, the Fee Schedules focus on early resolution opportunities and cost predictability, with flat initiation fees and staged fees for both consumer and employment/workplace mass arbitrations, ensuring a transparent and manageable expense structure as cases progress.

For more information on the updated Mass Arbitration Rules and Fee Schedules, please visit **https://go.adr.org/2024-mass-arbitration-rules**. Any further questions may be directed to massarbitration@adr.org.

Sincerely,

Krista Peach
Assistant Vice President, Consumer Division
American Arbitration Association

International Centre for Dispute Resolution®
T: 888.774.6904 E: MassArbitration@adr.org
2355 Highway 36 West, Suite 400, Roseville, MN 55113
adr.org | icdr.org | aaamediation.org

  

**© 2024 American Arbitration Association**

120 Broadway, 21st Floor, New York, NY 10271

To view a copy of the AAA's privacy policy, click here.

If you have been forwarded this email and would like to receive AAA communications, click here.

# EXHIBIT 3

# Mass Arbitration
# Supplementary Rules



American Arbitration Association®

Amended and Effective January 15, 2024

Available online at **adr.org/mass-arbitration**

# Table of Contents

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    MA-1. Applicability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    MA-2. Filing Requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    MA-3. Serving of Documents, Notices, and Communications . . . . . . . . . . . . . . . . . . . . . 5

    MA-4. Answers, Counterclaims, and Amended Claims . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    MA-5. Fixing of Locale . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    MA-6. Process Arbitrator . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    MA-7. Appointment of Merits Arbitrator(s) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    MA-8. Scheduling . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    MA-9. Mediation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    MA-10. Administrative Fees and Compensation and Expenses of the Arbitrator(s) . . . . 9



# Mass Arbitration Supplementary Rules

## Introduction

The American Arbitration Association® (AAA®)-International Centre for Dispute Resolution® (ICDR®) developed these Mass Arbitration Supplementary Rules (Supplementary Rules) to streamline the administration of large volume filings involving the same party, parties, and party representative(s), or related party, parties and party representative(s). These Supplementary Rules are intended to provide parties and their representatives with an efficient and economical path toward the resolution of multiple individual disputes.

Parties are encouraged to agree to additional processes that make the resolution of their Mass Arbitration more efficient, such as:

- An agreed-upon Scheduling Order setting forth deadlines across multiple cases, including those for submission of documents and witness lists, completion of discovery, and filing of motions.
  - Where the parties can agree on the Scheduling Order, they should consult with the arbitrator as to whether a Preliminary Management Conference between the parties and the arbitrator is necessary.
  - Eliminating the need for a separate Preliminary Management Conference in each case can significantly impact time to resolution of the case.
- An agreement to appoint a Limited Service Neutral to oversee procedural issues common to the cases, such as discovery, choice of law, and statute of limitations.
- An agreement that cases be heard on the documents, rather than by in-person, telephone, or videoconference hearings.
- An agreement to assign multiple cases to a single arbitrator, making the scheduling of conferences and hearings more efficient. Each case will still be heard and decided individually by the arbitrator.
- An agreement on the form of award.
- An agreement limiting briefs, motions, and discovery requests.
- An agreement allowing testimony via affidavit or recorded deposition, rather than requiring live witness testimony.

## MA-1. Applicability

**(a)** The AAA may apply these Supplementary Rules to any group of cases defined as a Mass Arbitration in Section MA-1(b) below for disputes where the Employment/Workplace Fee Schedule or the Consumer Fee Schedule apply. The AAA-ICDR's determination to apply these Supplementary Rules shall be final, unless a party seeks review of that determination by a Process Arbitrator, as provided for in Section MA-6. These Supplementary Rules supplement any other AAA-ICDR rules applicable to the disputes. Where inconsistencies exist among these Supplementary Rules and other AAA-ICDR rules, these Supplementary Rules shall govern.

**(b)** For the purpose of these Supplementary Rules, Mass Arbitrations are defined as:

**i.** twenty-five or more similar Demands for Arbitration (Demand(s)) filed against or on behalf of the same party or related parties,

**ii.** where representation of all parties is consistent or coordinated across the cases.

**(c)** These Supplementary Rules apply whenever 25 or more similar Demands for Arbitration are filed, whether or not such cases are filed simultaneously.

**(d)** Parties to Mass Arbitrations are encouraged to agree to processes for the efficient resolution of those cases. Any such agreement must be in writing and should address the matters set forth in Sections MA-1 through MA-9 of these Supplementary Rules. In the absence of a post-dispute agreement as to any issue covered by these Supplementary Rules, the Supplementary Rules shall apply.

**(e)** If, within 30 calendar days after the AAA-ICDR's commencement of administration, a party seeks judicial intervention with respect to cases to which these Supplementary Rules apply and provides the AAA-ICDR with documentation that judicial intervention has been sought, the AAA-ICDR will suspend administration of such cases for 60 calendar days to permit the party to obtain a stay of arbitration from the court.

**(f)** In its sole discretion, the AAA-ICDR has the authority to interpret and apply these Supplementary Rules. The AAA-ICDR will make initial determinations with respect to administrative issues where necessary in order to apply these Supplementary Rules.

## MA-2. Filing Requirements

A separate Demand for Arbitration must be filed in each individual case. The filing party shall adhere to the filing requirements set forth in the applicable rules. Each Demand must include complete contact information for all parties and representatives. The filings must include an affirmation that the information provided for each individual case is true and correct to the best of the representative's knowledge. When the AAA-ICDR determines that the filing requirements have been met, it shall notify the parties.

As part of the filing requirements, the filing party shall submit a fully completed *Mass Arbitration Intake Data Spreadsheet* (Spreadsheet), which is available at **www.adr.org**, at the time a Mass Arbitration reaches the 25-case threshold, and shall update such Spreadsheet as additional cases are filed. This Spreadsheet must also be provided to opposing parties at the same time it is provided to the AAA-ICDR. The AAA-ICDR may also require the filing party to submit the Demands for Arbitration, and any other documents submitted with the Demands, in an electronic format. The AAA-ICDR will advise the filing party when and in what manner those materials shall be submitted.

## MA-3. Serving of Documents, Notices, and Communications

**(a)** For all purposes in accordance with these Supplementary Rules, the parties shall accept documents, notices, and communications pertaining to each Mass Arbitration via single, combined, electronic communication from the AAA-ICDR. The AAA-ICDR will determine when separate documents, notices, and communications are required.

**(b)** Service of documents, notices, and communications pertaining to Mass Arbitrations will be effected via electronic means, such as a file transfer protocol administered by the AAA-ICDR or AAA WebFile® platform. Parties providing service of documents, notices, and communications must simultaneously notify opposing parties in writing that the documents, notices, or communications have been submitted.

## MA-4. Answers, Counterclaims, and Amended Claims

**(a)** A respondent may file an Answer and/or Counterclaim as set forth in the applicable rules; however, the deadline for filing an Answer shall be 45 calendar days from the date the AAA-ICDR confirms the filing requirements have been met. Answers, Counterclaims, and any amended claims must include an affirmation that the information provided within the submission(s) is true and correct to the best of the representative's knowledge.

**(b)** With the exception of the initial filings required under Section MA-2, where party submissions are substantially similar across a Mass Arbitration, the submission may be filed in a single document and need not be filed separately in each individual case.

    **i.** Any party submission filed in this manner shall also include correspondence advising, by case number, to which cases the submission relates.

    **ii.** Any dispute over whether a party's submission is substantially similar will initially be determined by the AAA-ICDR, subject to a final determination by a Process Arbitrator, as provided for in Section MA-6.

## MA-5. Fixing of Locale

Virtual hearings are the preferred method of evidentiary hearings for cases subject to these Supplementary Rules. However, where in-person hearings are required, and in the absence of party agreement, the AAA-ICDR will identify one or more locales where hearings may take place. In any such determination, the AAA-ICDR will consider the positions of the parties; relative ability of the parties to travel; and factors such as the location of performance of the agreement, the location of witnesses and documents, relative costs, and the location of any prior court proceedings, among other factors presented by the parties.

## MA-6. Process Arbitrator

**(a)** After all parties have paid the Initiation Fees, and before the appointment of arbitrators pursuant to MA-7, and upon receipt of a party's written notice of a disputed MA-6(c) issue related to the mass arbitration, the AAA-ICDR may, in its sole discretion, appoint a Process Arbitrator.

**(b)** The AAA-ICDR shall administratively appoint a sole Process Arbitrator unless the AAA-ICDR, in its sole discretion, elects to appoint a Process Arbitrator in accordance with the process described in Section MA-7(a) below.

**(c)** The Process Arbitrator shall have the authority to determine the following issues:

**i.** Whether the parties have met the AAA-ICDR's filing requirements or the filing requirements in the parties' contract and, if applicable, how the parties can correct any deficiencies in the filing requirements and how to proceed if they do not;

**ii.** Disputes over any applicable conditions precedent and, if applicable, how the parties can meet the conditions precedent and how to proceed if they do not;

**iii.** Disputes regarding payment of administrative fees, arbitrator compensation, and expenses;

**iv.** Which Demands for Arbitration should be included as part of the mass arbitration filing;

**v.** The selection process for Merits Arbitrators;

**vi.** Determining the applicable AAA-ICDR Rules that will govern the individual disputes;

**vii.** For cases under the Consumer Arbitration Rules:

**a)** Whether the cases should be closed and the parties proceed in small claims court;

**b)** Whether the Merits Arbitrator(s) shall proceed by documents only or hold hearings;

**viii.** The locale of the Merits hearings;

ix. Whether subsequently filed cases are part of the same mass arbitration. The Process Arbitrator must allow the parties in these subsequently filed cases the opportunity to address the applicability of any rulings to these cases before making any final determination;

x. Whether any previously issued rulings by the Process Arbitrator are binding on the subsequent cases.

xi. Any other non-merits issues affecting case administration arising out of the nature of the mass arbitration that the Process Arbitrator determines is appropriate for determination and

xii. Any other issue(s) the parties agree in writing to submit to the Process Arbitrator.

**(d)** The Process Arbitrator shall have the power to rule on their own jurisdiction and shall resolve any disputes over the scope and applicability of this Section MA-6, including:

i. Whether the dispute(s) before the Process Arbitrator are fact-specific and, therefore, must be made on an individual basis, or;

ii. Whether the dispute(s) before the Process Arbitrator are not fact-specific and, therefore, do not need to be made on an individual basis.

**(e)** When a Process Arbitrator issues decisions based on the specific facts of individual arbitrations within the mass arbitration, the Process Arbitrator must document the decisions in separate written rulings setting forth the individual arbitration determinations. The Process Arbitrator shall determine the form of such rulings, including whether to combine the rulings into a single or multiple written communications with the parties.

**(f)** The Process Arbitrator may make rulings based on document submissions only or by telephone or videoconference. The ruling of the Process Arbitrator shall contain the reasons for such ruling.

**(g)** The Process Arbitrator's rulings shall be rendered no later than 30 calendar days from the date the Process Arbitrator set for receipt of the final document submissions. If the Process Arbitrator schedules a hearing, the Process Arbitrator's rulings shall be rendered no later than 30 calendar days from the close of the hearing or 30 calendar days from the date the Process Arbitrator set for receipt of post-hearing document submissions, whichever is later. The AAA-ICDR may extend the time limit for rendering the Process Arbitrator's ruling only in unusual and extreme circumstances. The parties, by agreement, may also extend the time limit for rendering the Process Arbitrator's ruling.

**(h)** The Process Arbitrator is subject to the disclosure and disqualification requirements contained in the applicable AAA-ICDR Rules, which include any grounds for disqualification under applicable law.

**(i)** Unless the parties otherwise agree, the Process Arbitrator's service will conclude as to an individual case upon the appointment of a Merits Arbitrator to that case, the closure of the individual case, or under the terms of the applicable AAA-ICDR Rules regarding the removal of an arbitrator or vacancy, whichever occurs earliest.

**(j)** Rulings by the Process Arbitrator will be final and binding upon the parties and Merits Arbitrator appointed to each individual case, except where a Merits Arbitrator determines that the Process Arbitrator abused their discretion.

**(k)** Absent agreement of all parties to an individual case, the AAA-ICDR shall not appoint the Process Arbitrator as the Merits Arbitrator for any cases in the same mass arbitration.

## MA-7. Appointment of Merits Arbitrator(s)

The parties may mutually agree upon a process for selection of the arbitrator(s) to determine the merits (the Merits Arbitrator(s)), and the AAA-ICDR will facilitate any such selection process. The arbitrator selection process may include the use of the AAA-ICDR arbitrator search platform when the AAA-ICDR deems it practical to provide and permits its use. Parties are encouraged to consider assigning multiple proceedings to a single, mutually agreeable Merits Arbitrator. Absent a contractual process or party agreement, the AAA-ICDR shall have the authority to apply the following process:

**(a)** The AAA-ICDR shall compile a roster of arbitrators for the purpose of identifying arbitrators who may be appointed to cases or groups of cases in a Mass Arbitration. The AAA-ICDR may submit a list of proposed arbitrators to the parties to any Mass Arbitration. The parties are encouraged to agree to arbitrators from this list and to advise the AAA-ICDR of their agreement. If the parties are unable to agree upon arbitrators, each party shall have 14 calendar days from the list transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA-ICDR. To ensure an appropriate number of arbitrators remain available for appointment, the AAA-ICDR may limit the number of strikes.

**(b)** If for any reason appointments cannot be made from the submitted lists or if the AAA-ICDR determines the number of cases is too numerous for use of lists, the AAA-ICDR shall have the authority to administratively appoint Merits Arbitrator(s).

**(c)** To facilitate arbitrator selection, to satisfy the parties' desired arbitrator qualifications, if the number of individual cases exceeds the number of qualified arbitrators in the locale, or in any other circumstance determined by the AAA-ICDR to warrant such action, the AAA-ICDR may assign multiple cases to a single Merits Arbitrator, who will decide each case on its own merits.

**(d)** Arbitrators appointed pursuant to Section MA-7 are subject to the disclosure and disqualification procedures set forth in the applicable AAA-ICDR rules.

## MA-8. Scheduling

Preliminary Management Conferences and hearings will be scheduled in a manner consistent with the expeditious nature of arbitration. The parties are

encouraged to agree on a streamlined procedure for scheduling conferences and hearings. Absent such agreement of the parties, conferences and hearings may be scheduled in any fashion deemed appropriate by the AAA-ICDR or the arbitrator(s). The AAA-ICDR or the arbitrator(s) may schedule the Preliminary Management Conference without first consulting with the parties, although either party may request that it be rescheduled. To avoid delay in the administration of the cases, the AAA-ICDR may require that representatives provide availability via an automated or another electronic scheduling method and that they be available for blocks of hours or days at a time.

## MA-9. Mediation

Within 120 calendar days from the established due date for the Answer, the parties shall initiate a global mediation of the Mass Arbitration pursuant to the applicable AAA-ICDR mediation procedures or as otherwise agreed to by the parties. The mediator shall be administratively appointed by the AAA-ICDR unless the parties agree on a mediator. The mediation shall take place concurrently with the arbitrations and shall not act as a stay of the arbitration proceedings, unless agreed to by the parties. Any party may unilaterally opt out of mediation upon written notification to the AAA-ICDR and the other parties to the arbitration. Notwithstanding the foregoing, the AAA-ICDR may, in its sole discretion, appoint a mediator to facilitate discussions between the parties on processes that may make resolution of the cases more efficient. Unless agreed upon by all parties and the mediator, the mediator shall not be appointed as an arbitrator for any of the cases in the same Mass Arbitration.

## MA-10. Administrative Fees and Compensation and Expenses of the Arbitrator(s)

(a) Administrative fees will be billed according to the applicable Mass Arbitration Administrative Fee Schedule. Administrative fees, as well as arbitrator compensation and expense deposits, are due on or before the deadline established by the AAA-ICDR. Neither settlement nor withdrawal of any individual claim or group of multiple cases shall result in extension of payment due dates or waiver of administrative fees. Administrative fees, as well as arbitrator compensation and expenses, for each Mass Arbitration will be billed and must be paid prior to the AAA-ICDR completing the applicable administrative procedures.

(b) Invoices provided by the AAA-ICDR to the parties for payment of fees and arbitrator compensation and expenses may be in consolidated format for each Mass Arbitration.

(c) Compensation of the Process Arbitrator will be at the rate set forth on the Process Arbitrator's resume. Merits Arbitrator(s) shall be compensated pursuant to the rules and fee schedules applicable to the individual cases.

**(d)** If administrative fees, arbitrator compensation, and/or expenses have not been paid in full, the AAA-ICDR may notify the parties in order that one party may advance the required payment within the time specified by the AAA-ICDR.

**(e)** If payments due are not made by the date specified in such notice to the parties, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA-ICDR may suspend or terminate those proceedings. The AAA-ICDR may also decline to administer future arbitrations with the parties involved.

© 2024 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the
American Arbitration Association (AAA)-International Centre for Dispute Resolution (ICDR) and are intended to be used in
conjunction with the AAA-ICDR's administrative services. Any unauthorized use or modification of these Rules may violate
copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.

# EXHIBIT 4


AMERICAN ARBITRATION ASSOCIATION®

# CONSUMER MASS ARBITRATION AND MEDIATION FEE SCHEDULE
## Costs of Arbitration and Mediation
*Amended and Effective January 15, 2024*

This Consumer Mass Arbitration and Mediation Fee Schedule will apply to all cases where the American Arbitration Association® (AAA®) determines in its sole discretion that the following conditions are met:

    **a.** twenty-five (25) or more similar Demands for Arbitration or a Request for Global Mediation are filed against or on behalf of the same party or related parties,

    **b.** where representation of all parties is consistent or coordinated across cases.

All fees listed below are **non-refundable\*** and will be assessed to the parties as described below, unless the clause provides that the individual pay less or the clause provides that the company is responsible for the entire fee.

Where the AAA determines that a business' failure to pay their portion of arbitration costs is a violation of the Consumer Arbitration Rules, the AAA may decline to administer future consumer arbitrations with that business.

AAA, in its sole discretion, may consider an alternative payment process for mass arbitration filings.

## AAA Administrative Fees

In cases where the business is the filing party, either as the claimant or filing on behalf of the individual, the business shall be responsible for administrative fees that includes all initiation fees, per case fees, arbitrator appointment fees and final fees.

There shall be no fees charged for a counterclaim.

Arbitrator and Mediator compensation is not included as a part of the AAA's administrative fees.

Note that with regard to all AAA administrative fees, the AAA retains the discretion to interpret and apply this fee schedule to a particular case or cases.

### (i) Initiation Fee

The Initiation Fee will be billed and must be paid upon the filing of a mass arbitration by the individuals. The business will be responsible for their portion of the fee once the individuals have met the AAA's filing requirements. The Initiation Fee includes an administrative review of the filing, an administrative conference call with the AAA, and the appointment of a Process Arbitrator and/or a Global Mediator. In the event administration continues beyond the items covered by the Initiation Fee, parties will be responsible for the Per Case Fee noted below. The Initiation fee will be credited toward Per Case Fees for cases that advance to that stage.

    Individuals: Flat fee of $3,125

    Business: Flat fee of $8,125


These fees remain due and payable in the event the cases are closed due to settlement, withdrawal or in the event that a Process Arbitrator makes a final determination that the AAA cannot proceed with the administration of the parties' mass arbitration.

### (ii) Per Case Fee

For any cases that proceed with administration beyond the Initiation stage, the parties will be responsible for the Per Case Fees below. The Initiation Fee will be credited toward these fees.

|  | First 500 Cases | Cases 501 to 1,500 | Cases 1,501 to 3,000 | Cases 3,001 and beyond |
|---|---|---|---|---|
| Individual Per Case Fee | $125 | $75 | $75 | $75 |
| Business Per Case Fee | $325 | $250 | $175 | $100 |

AAA reserves the right to determine what tier of fees applies to cases filed subsequent to the initial filing.

*In the event any mass arbitrations are closed due to non-payment of the Per Case Fees by the individuals or the business, the AAA will return any Per Case Fees to the paying party. Per Case Fees are non-refundable in the event the cases are closed due to settlement or withdrawal.*

### (iii) Arbitrator Appointment Fee

This fee will be billed and must be paid prior to the appointment process of Merits Arbitrators.

If the appointment of Merits Arbitrators is conducted by direct appointment, the Arbitrator Appointment Fee shall be $450 per case for the business and $50 per case for the individuals. If appointments are conducted by a list and rank process the fee shall be $600 per case for the business and $75 per case for the individuals.

*In the event any mass arbitrations are closed due to non-payment of Arbitrator Appointment Fees by the individuals or the company, the AAA will return any Arbitrator Appointment Fees to the paying party. Arbitrator Appointment Fees are non-refundable in the event the cases are closed due to settlement or withdrawal.*

### (iv) Final Fee

This fee will be billed at the time an evidentiary hearing is scheduled or the final submission date for documents-only proceedings is set.

Business: $600 per case

## Arbitrator and Mediator Compensation

Arbitrator and Mediator compensation is not included as part of the administrative fees charged by the AAA. Merit Arbitrators will be compensated at a rate of $300 per hour. A Process Arbitrator and Mediator will be compensated at the rate published on their AAA resume. The business shall pay the compensation of the Merits Arbitrator, Process Arbitrator and Mediator unless the individual, post dispute, voluntarily elects to pay a portion of the compensation



## Expenses

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne by the business, unless otherwise agreed by the parties post-dispute.

## Reallocation of Arbitrator Compensation, AAA Administrative Fees and Certain Expenses

Arbitrator compensation, expenses, and administrative fees are not subject to reallocation by the arbitrator(s) except as may be required by applicable law or upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous.

## Abeyance Fee

Should the cases be stayed to allow for settlement negotiations or for any other reason, including judicial intervention, the AAA shall assess a single, **non-refundable** administrative fee of $2,500 every six months the cases are held in abeyance. All abeyance fees are to be paid by the business. Cases may only be held in abeyance after the Initiation Fees have been paid.

## Consumer Clause Review and Registry Fee

Please note that all fees described below are **non-refundable**.

For businesses submitting a clause, the cost of reviewing the clause and maintaining the clause on the Registry is $600. A yearly Registry fee of $600 will be charged to maintain each clause on the Registry for each calendar year thereafter.

If the AAA receives a demand for consumer arbitration arising from an arbitration clause that was not previously submitted to the AAA for review and placement on the Registry, the business will incur an additional $300 fee for the AAA to conduct an immediate review of the clause.

Any subsequent changes, additions, deletions, or amendments to a currently registered agreement must be submitted for review and a review fee of $600 will be assessed at that time.

## AAA Administered Settlement Approval Process

Where by law, court order and/or party agreement, the parties require a third party neutral to review and approve settlements, the fee for the AAA to provide administrative services for the purposes of a neutral to review and approve settlements is $3,250 plus $2,500 every six months thereafter that the cases remain open. The compensation of the neutral is $300 per hour. The business is responsible for all AAA fees and compensation referenced in this section.

## Fees for Additional Services

The AAA reserves the right to assess additional administrative fees for services performed by the AAA beyond those provided for in this Fee Schedule or the applicable Rules and which may be required by the parties' agreement or stipulation.

*\*\*Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you*



meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA at 888-774-6904 if you have any questions regarding the waiver of administrative fees.

**Pursuant to New Jersey Statutes § 2A:23B-1 et seq, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the New Jersey Arbitration Act, and to all consumer arbitrations conducted in New Jersey. If you believe that you meet these requirements, you must submit to the AAA a declaration under oath regarding your monthly income and the number of persons in your household. Please contact the AAA at 888-774-6904 if you have any questions regarding the waiver of administrative fees.