## Skadden, Arps, Slate, Meagher & Flom LLP

1440 New York Avenue, N.W.

Washington, D.C. 20005-2111

---

Tel: (202) 371-7000

Fax: (202) 393-5760

www.skadden.com

DIRECT DIAL
(202) 371-7370
DIRECT FAX
(202) 661-2370
EMAIL ADDRESS
SHAY.DVORETZKY@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

February 12, 2024

Christopher G. Conway
Clerk of the Court
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn St., Room 2722
Chicago, IL 60604

      RE:    Response to Mr. Deepak Gupta's February 5, 2024, letter about the AAA's new mass-arbitration rules in *Wallrich, et al. v. Samsung Electronics America, Inc., et al.*, No. 23-2842 (7th Cir.)

Dear Mr. Conway:

    The new AAA rules that are the subject of Mr. Gupta's letter aren't relevant to this appeal. *First*, those rules do not (and cannot) relieve Appellees of their burden to show the *court*, rather than an arbitrator, that they each had arbitration agreements with Samsung. *Second*, the AAA already resolved Appellees' claims, sending Appellees to court. The AAA's new rules don't give Appellees another bite at the apple.

    **1.**    Mr. Gupta's letter points to new AAA rules regarding affirmations and appointing process arbitrators to resolve certain "threshold disputes." Letter 1. But a court must "always" "satisfy itself that [an arbitration] agreement exists"—it cannot leave that question for the arbitrator. *Granite Rock Co. v. International Brotherhood of Teamsters*, 561 U.S. 287, 297 (2010). As Samsung explained (Br. 39-46; Reply 16-22), Appellees bore "the burden of showing" that they have arbitration agreements with Samsung, *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1063 (7th Cir. 2018), meaning they "had

the initial duty to present evidence that would allow a trier of fact to find all required elements of a contract" to arbitrate, *Boykin v. Family Dollar Stores of Michigan, LLC*, 3 F.4th 832, 839 (6th Cir. 2021). Appellees submitted zero evidence of any arbitration agreements. All they submitted were boilerplate allegations, which aren't evidence. *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 810 (7th Cir. 2003). The AAA's new rules do not (and cannot) change these fundamental principles, which make clear that the district court erred in compelling arbitration.

**2.** Nothing in the AAA's new rules allows Appellees to ask for a do-over before the AAA. As Samsung explained (Br. 24-26, 49-52, 58-60; Reply 28-33), the AAA exercised its discretion under the rules the parties agreed to (assuming they had arbitration agreements) to decide not to require Samsung to pay the filing fees and instead to close the cases. The AAA thus sent Appellees to court after Appellees declined to advance the fees. The rules committed that decision to the AAA's discretion, which courts must respect—but the district court did not. The AAA's new rules don't change that, either.

Respectfully,

Shay Dvoretzky

*Counsel for Defendants-Appellants
 Samsung Electronics America, Inc. and
 Samsung Electronics Co., Ltd.*

## CERTIFICATE OF COMPLIANCE

  I hereby certify that (1) this letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because, as calculated by Microsoft Word, the body of the letter contains 349 words, and (2) this letter complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Book Antiqua font.

Dated: February 12, 2024         */s/ Shay Dvoretzky*

                    Shay Dvoretzky

## CERTIFICATE OF SERVICE

  I hereby certify that on February 12, 2024, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: February 12, 2024         */s/ Shay Dvoretzky*

                    Shay Dvoretzky